# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ROBERT HOLTON,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Defendants' Motion to Strike in Part, or in the alternative to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | NO. 18-2228 |
| : | | |
| **BOBBY HENON, et al.** : | | |
| Defendants. : | | |
| : | | |

**DEFENDANTS' MOTION TO STRIKE IN PART, OR, IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants, Bobby Henon, Darin L. Gatti, and Edward Jefferson ("Defendants"), by and through their undersigned counsel, hereby file this Motion to Strike in Part, or, in the Alterative, to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (the "Motion"). In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court strike Plaintiff's Complaint or, in the alternative, to dismiss the claims asserted against them.

Dated: July 27, 2018

Respectfully submitted,

/s/ Meghan E. Claiborne
Meghan E. Claiborne
Assistant City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **ROBERT HOLTON,** | : | CIVIL ACTION |
|       **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
|       **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE IN PART, OR, IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff, Robert Holton ("Plaintiff"), has failed to allege that Defendants, Bobby Henon ("Councilman Henon"), Darin L. Gatti ("Mr. Gatti"), and Edward Jefferson (individually as "Mr. Jefferson," and collectively with Councilman Henon and Mr. Gatti as "Defendants"), caused any violation of Plaintiff's rights or violated any state laws.

Plaintiff's Amended Complaint should be stricken in part because Plaintiff has again failed to identify a cause of action as to Counts I, III and IV. In the alternative, Plaintiff's Amended Complaint should be dismissed in its entirety as Plaintiff has failed to allege facts sufficient to support a cause of action.

**I.      BACKGROUND**

Plaintiff runs a scrap metal and automobile salvage business on a piece of property owned by Plaintiff that is bounded by 4085 Richmond Street at the west property line, 3950 North Delaware Avenue at the east property line, Conrail right of way to the south and the Frankford Creek to the north (the "Property"). Amend. Comp. at ¶8.

Plaintiff alleges that Defendants, through a series of improper actions, "took" Plaintiff's Property without paying just compensation, made various false statements

about the Property, and caused PECO to turn off Plaintiff's power.  *See generally*, Amend. Comp.

Apart from generally alleging violations of Plaintiff's constitutionally protected rights (*Id.* at ¶¶18, 25) and unspecified violations of Sections 1983 and 1985, Plaintiff's only identified cause of action is a claim for defamation against Councilman Henon under Count II.  Plaintiff fails to adequately plead a claim for defamation, or to plead facts sufficient to amount to a constitutional violation.

## II.  MOTION TO STRIKE UNDER FED. R. CIV. P. 8(A)(2)

### A.  Standard.

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") states that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) was adopted to:

> give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms amended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Burks v. City of Philadelphia*, 904 F. Supp. 421, 423-24 (E.D. Pa. 1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 47-8 (1957)).

### B.  The Court Should Strike Counts I, III & IV For Failure to Identify a Cause of Action.

This Court has stricken a complaint pursuant to Rule 8(a)(2) where the complaint failed to provide a "clear basis" so that each defendant can understand the specific claim made against him or her.  *Inmates of A-Block (Nov. 1993) v. Delaware Cty. Prison*, No.

2

CIV. A. 93-6604, 1994 WL 276411, at *1 (E.D. Pa. June 21, 1994). *See also, Foster v. Six Flags Great Adventure LLC*, No. CV 15-2535 (MLC), 2016 WL 54912, at *5 (D.N.J. Jan. 5, 2016) (dismissing claim where plaintiff did not identify a viable cause of action) (citing *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief . . . .")). Plaintiff fails to identify a cause of action under Counts I, III and IV, and therefore fails to provide sufficient notice to Defendants as to what claims Plaintiff is asserting and to afford Defendants opportunity to properly prepare a defense.

In Count I, Plaintiff vaguely asserts that Councilman Henon "'took' the Holton Property without paying just compensation" and "covertly caused a deed to be recorded conveying the Holton Property to the City of Philadelphia." Amen. Comp., at ¶¶13-16. Plaintiff does not provide any facts to support these conclusory allegations. Plaintiff further asserts that Councilman Henon published a "false" press release in which Councilman Henon allegedly asserted that the Property was leased to Plaintiff by third-party owner. *Id.* at ¶18. Plaintiff alleges that "PennDot is not involved," however there is no mention of PennDot in the portion of Councilman Henon's alleged publication quoted by Plaintiff. Similarly, Plaintiff references a "long legal process [involving] the City's Equity Court and the Department of Licenses and Inspections Review Board, PECO" is "a taking in violation of Plaintiff's constitutionally protected rights." *Id.* It is unclear what source Plaintiff is citing from. Plaintiff summarily concludes that these events constitute a "taking violation of Plaintiff's constitutionally protected rights." *Id*. Plaintiff does not identify what constitutional right this alleged taking violates.

Similarly, in Count III, Plaintiff alleges that Mr. Gatti "violated Plaintiff's constitutionally protected rights of ownership of property by testifying falsely at a hearing in the Court of Common Pleas" because, "if believed," Mr. Gatti's testimony "***would have deprived*** Plaintiff of his constitutionally protected rights, privileges or immunities in violation of Title 42 United States Code, Section 1983."  Amend. Compl., at ¶¶24, 25 (emphasis added).  First, Plaintiff fails to identify which right, privilege or immunity he is asserting.  Further, Plaintiff's allegation is only that Mr. Gatti's actions "would have" resulted in a violation under Section 1983, not that such a violation occurred.  Such an allegation is wholly insufficient to support a cause of action, even if Plaintiff had adequately enumerated a right, privilege or immunity.

In Count VI, Plaintiff alleges that "Defendant Jefferson, acting in concert with Defendant Gatti, presented false evidence in a judicial proceeding that Plaintiff was polluting the Frankford Creek by runoff, thus causing unsafe drinking water."  *Id.* at ¶34.  Plaintiff alleges that Mr. Jefferson had no factual basis upon which to make these allegations, resulting in the state court denying Plaintiff's preliminary relief to maintain the status quo pending Plaintiff's appeal to the Licenses and Inspection Review Board from the March 2, 2017 Cease Operations Order.  *Id.* at ¶35.  Plaintiff does not allege what injuries, if any, he suffered as a result of this alleged denial.  Without further elaboration, Plaintiff summarily alleges that "Defendant Jefferson conspired with Defendants Heron and Gatti to deprive Plaintiff of his property for public use without just compensation."  *Id.* at ¶37.

To the extent Plaintiff seeks to assert a claim for unjust taking under the Fifth Amendment, such a claim fails as Plaintiff concedes that Plaintiff has recovered the

4

Property.  Amen. Compl. at ¶17.  As such, Plaintiff appears to attempt to improperly recast a claim for attorneys' fees and/or lost business opportunity as a Fifth Amendment claim.  Such a claim must fail.

Similarly, to the extent Plaintiff were to attempt to re-plead his allegations under the guise of a procedural due process claim, he would still fail.  At a minimum, procedural due process requires notice and a hearing.  *Wilson v. MVM, Inc.*, 475 F.3d 166, 178 (3d Cir. 2007).  Plaintiff alleges that he hired counsel and was successful in recovering the Property.  Amen. Compl. at ¶17.  Plaintiff does not allege that he was in any way denied notice or hearing.

Finally, to the extent Plaintiff's claims rest upon his disagreement with the credibility determination made by the factfinder(s) as to Defendants' alleged statements made during any legal proceeding (Amend. Compl. at *id.* at ¶¶23-25, 35), there would be no way for Plaintiff to re-plead these allegations into a viable claim.  Doing so would require Plaintiff to effectively request this Court to review factual findings made during other judicial proceedings.  This would be entirely procedurally inappropriate and therefore would seek a remedy this Court would be unable to provide.  Similarly, Plaintiff's subjective displeasure with Defendants' alleged statements do not amount to a violation of any constitutional right, privilege or immunity.

For the foregoing reasons, Plaintiff has failed to sufficiently allege "a short and plain statement of the claim showing that the pleader is entitled to relief" and Counts I, III and IV should be stricken pursuant to Rule 8(a)(2).  *See, e.g., Inmates of A-Block (Nov. 1993)*, 1994 WL 276411, at *1; *Foster*, 2016 WL 54912, at *5.

### III. MOTION TO STRIKE FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

In the alternative, Plaintiff's Amended Complaint should be dismissed in its entirety because Plaintiff fails to allege an underlying claim exists. *See SANDIDI V. REDDY, Plaintiff, v. ATUL K. PATEL, HGANSHYAM PATEL a/k/a SAM PATEL, DHARMENDRA BAROT a/k/a EAST HANOVER HOTEL AND CONFERENCE HOSPITALITY, LLC a/k/a RAMADA, Defendants.*, No. CV168256JMVJBC, 2018 WL 2723866, at *3 (D.N.J. June 5, 2018). Plaintiff also fails to allege facts necessary to support a claim for conspiracy. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 406 (3d Cir. 2000); *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997).

#### A. Standard.

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

#### B. Plaintiff Fails to Identify a Cause of Action.

As discussed above, Plaintiff's Complaint does not plead a cause of action under Counts I, III and IV. At most, Plaintiff generally alleges that he was subjected to a "taking in violation of Plaintiff's constitutionally protected rights." Amend. Compl. at ¶18. Plaintiff's Complaint must therefore fail as he has not identified a cause of action.

6

*See, e.g.*, *SANDIDI V. REDDY*, 2018 WL 2723866, at *3 (dismissing claims where plaintiff did not identify the cause of action or "cite any statute, cause of action, or other vehicle by which he requests relief based on these allegations").

Plaintiff therefore fails to assert a claim upon which relief may be granted in Counts I, III and IV.

    **C.**    **Plaintiff Fails to State a Claim for Defamation.**

Count II of Plaintiff's Amended Complaint also fails as Plaintiff has not, and cannot, sufficiently state a claim for defamation.

Under Pennsylvania law, to establish a claim for defamation, a plaintiff must prove the following seven (7) elements:

> (1) The defamatory character of the communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the understanding by the recipient of its defamatory meaning, (5) the understanding by the recipient of it as intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff from its publication, and (7) abuse of a conditionally privileged occasion.

*Banka v. Columbia Broad. Co.*, 63 F. Supp. 3d 501, 506–07 (E.D. Pa. 2014) (citing 42 Pa.C.S. § 8343(a)).

The trial court must, in the first instance, determine whether the communication complained of is capable of a defamatory meaning. *Brophy v. Philadelphia Newspapers Inc.*, 422 A.2d 625, 628 (Pa. Super. 1980). A statement is defamatory if it "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Curran v. Phila. Newspapers, Inc.*, 546 A.2d 639, 641 n. 2 (PA. Super. 1988) (quoting *Corabi v. Curtis Publ'g Co.*, 273 A.2d 899, 904 (Pa. Super. 1971)).

"Truth is an absolute defense to defamation in Pennsylvania." *Bobb v. Kraybill*, 511 A.2d 1379, 1380 (Pa. Super. 1986); *Hepps v. Philadelphia Newspaper,* 485 A.2d 374 (Pa. 1984), *reversed and remanded on other grounds*, 475 U.S. 767 (1986); 42 Pa.C.S. § 8342. Plaintiff asserts a defamation claim against Councilman Henan on the basis that Councilman Henon referred to the Property as an "illegal junkyard." Amen. Comp. at ¶¶ 10, 12. Plaintiff counters that his business is not a "junkyard" but as a "scrap metal and automobile business." *Id.* at ¶3. Additionally, Plaintiff asserts that the Property "does not violate zoning ordinances, in that it is located in the lest restrictive zoning district," and that at "all times material to the claims asserted in this action, Plaintiff had purchased and paid for all necessary licenses and permits needed to carry on his business with occasional minor exceptions, which when noted, were properly corrected." *Id.* at ¶ 12. Defendant does not assert that he has suffered any reputation damage as a result of these statements.

Plaintiff concedes that his property is a scrap metal business, otherwise known as a scrapyard. Webster's Dictionary defines a "scrapyard" as "place for receiving or handling scrap : ***junkyard***; broadly : scrap heap." MERRIAM-WEBSTER, "Scrapyard," (2018) (emphasis). Similarly, Oxford Dictionary defines "scrapyard" as "British, A place where scrap is collected before being recycled or discarded. North American term ***junkyard***." OXFORD DICTIONARY, "scrapyard," (2018). Given that Plaintiff, himself, identifies his business as one that collects scrap metal and automobiles, and the common definition of such a business is a "scrapyard" or "junkyard," Plaintiff has failed to sufficiently allege the first or sixth elements of Plaintiff's claim for defamation. *Banka*, 63 F. Supp. 3d at 506–07; 42 Pa.C.S. § 8343(a).

8

To the extent that Plaintiff seeks to base a defamation claim on Councilman Henon's alleged statement that a third-party owner "had no standing to lease" the Property, this statement is not directed at Plaintiff and thus Plaintiff cannot maintain a claim based upon this statement.

Finally, to the extent that Plaintiff's claim is based upon his characterization of Plaintiff's business and/or Property as "illegal," Plaintiff fails to affirmatively refute this characterization. Plaintiff merely alleges that the Property "does not violate zoning ordinances, in that it is located in the lest restrictive zoning district," and that "at all times material to the claims asserted in this action, Plaintiff had purchased and paid for all necessary licenses and permits needed to carry on his business with occasional minor exceptions, which when noted, were properly corrected." Amend. Compl., at ¶ 12.

In *Blake v. Minner*, No. CIV A 07-125-JJF, 2007 WL 1307564 (D. Del. May 1, 2007), the plaintiff alleged that defendants had conspired to have him falsely arrested, resulting in the publication of the plaintiff's mug shot on a website entitled Drug Mugs. *Id.* at *1. The plaintiff's claim for defamation was dismissed because at the time the mug shot was posted, the statements were true – *i.e.*, the plaintiff had been arrested for drug charges. *Id.* at *3. The court held that "[t]he dismissal of the charges at a later time do not obviate the fact that Plaintiff was arrested on a drug charge, and thus allowed the publication of Plaintiff's photograph . . . ." *Id*.

Here, Plaintiff concedes that the Property was transferred to the City of Philadelphia, as this event forms the basis of Plaintiff's claims. Amend. Compl., at ¶13. Further, Plaintiff concedes that, at least for some period(s) of time, he failed to purchase and/or pay for necessary licenses and permits, and was subject to various Department of

9

Licenses and Inspections violations. *Id.* at ¶¶12, 30. The fact that Plaintiff may have subsequently remedied any such issues or succeeded in subsequently overturning any unfavorable legal determinations concerning the Property does not retroactively give rise to a claim for defamation. *See, e.g., Blake,* 2007 WL 1307564, at *3 (D. Del. May 1, 2007).

For the foregoing reason, Plaintiff's defamation claim should be dismissed.

### D.  Plaintiff Fails to Adequately Plead a Claim for Conspiracy.

As an initial matter, because Plaintiff has failed to plead an underlying claim, his claim for conspiracy fails. *Boyanowski*, 215 F.3d at 406 (quoting *Raneri*, 441 A.2d at 1376).

Even if this Court were to find that Plaintiff had sufficiently alleged an underlying claim, Plaintiff's claim for conspiracy still fails. To state a claim for conspiracy under section 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E.* Lansdowne, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (citing *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D. Pa. 2009)).

"Agreement is the *sine qua non* of a conspiracy." *Spencer*, 968 F. Supp. at 1020. It is essential that a plaintiff specifically allege an agreement to carry out the alleged chain of events. *Id*. "It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id. See also, Hammond v. Creative Financial Planning Org.*, 800 F.Supp. 1244, 1249 (E.D. Pa. 1992) ("to state a claim for conspiracy under § 1983, plaintiff must make 'factual allegations of combination, agreement, or understanding

10

among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events.'") (citing *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)).

For instance, in *Spencer*, the plaintiff brought a claim for civil conspiracy against an attorney and a state court judge claiming the two shared a "political history" and a "special relationship" which allowed the attorney to use *ex parte* communication to obtain a favorable ruling from the judge. 968 F.Supp. at 1020. However, the plaintiff failed to allege any specific facts to support that the attorney and judge acted through a "combination, agreement, or understanding" or "plot" or "plan" or "conspiracy." *Id.*

Here, Plaintiff does not allege any facts to support that an agreement existed between Defendants. Plaintiff repeatedly alleges that Councilman Henon and Mr. Gatti "conspired" to cause certain actions to occur, without any factual support for said conspiring and/or Defendants' personal involvement with the underlying actions. Amend. Compl. at ¶¶28-30. Similarly, Plaintiff does not even attempt to offer any facts supporting his bald assertion that Mr. Jefferson conspired with Defendants Henon or Gatti. *Id.* at ¶37.

Plaintiff's conclusion as to the Defendants' alleged coordinated efforts is supported by nothing more than Plaintiff's own opinion and/or speculation, which is insufficient. *See Flanagan v. Shively*, 783 F.Supp. 922, 928-29 (M.D. Pa.) (motion to dismiss granted because allegations were insufficient and conclusory), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993).

IV.     **CONCLUSION**

For the reasons set forth above, the Court should strike Counts I, III and IV from Plaintiff's Amended Complaint, and dismiss Count II for failure to state claim. In the alternative, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

Moreover, as detailed above, because Plaintiff would be unable to replead these facts to assert a viable claim, Plaintiff's Amended Complaint should be dismissed with prejudice. *See Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (holding that a court may dismiss a complaint with prejudice if amendment would be futile).

                                                                       Respectfully Submitted,

Date: July 27, 2018                    */s/ Meghan E. Claiborne*
                                                       Meghan E. Claiborne
                                                       Assistant City Solicitor
                                                       Pa. Attorney ID No. 315918
                                                       City of Philadelphia Law Department
                                                       1515 Arch Street, 14th Floor
                                                       Philadelphia, PA 19102
                                                       215-683-5447 (phone)
                                                       215-683-5397 (fax)
                                                       meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendants' Motion to Strike in Part, or, in the Alternative, to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim was filed via the Court's electronic filing system and is available for downloading.

Date:  July 27, 2018                                  Respectfully submitted,


                                                    */s/ Meghan E. Claiborne*
                                                    Meghan E. Claiborne