**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| **Defendants.** | : | |
| | : | |

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, Bobby Henon, Darin L. Gatti, and Edward Jefferson (collectively as "Defendants"), by and through the undersigned counsel, hereby file this Answer with Affirmative Defenses and aver as follows:

### I.
### JURSIDICTION AND VENUE

1.      The allegations contained in this paragraph constitute conclusions of law and therefore require no response.

2.      The allegations contained in this paragraph constitute conclusions of law and therefore require no response.

### II.
### PARTIES

3.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      This paragraph is directed to other defendants and thus no response is required.

**COUNT I**

**PLAINTIFF vs. BOBBY HENON**

8.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent a response is required, denied.

9.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

10.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

11.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

12.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

13.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

14.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

2

15.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

16.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

17.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

18.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count I.

## COUNT II

## PLAINTIFF vs. BOBBY HENON: DEFAMATION

19.     No response is required to Paragraph 19.

20.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

21.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

22.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count II.

## COUNT III

### PLAINTIFF vs. DARIN L. GATTI and BOBBY HEN ON
### (VIOLATION OF 42 U.S.C. §1983, 1985)

23.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

24.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

25.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

26.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

27.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

4

28.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

29.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

30.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

31.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

32.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count III.

### COUNT IV

### PLAINTIFF vs. EDWARD JEFFERSON

33.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

5

34.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

35.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

36.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

37.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count IV.

## JURY DEMAND

All Defendants demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort

Claims Act," 42 Pa. Cons. Stat. § 8541 *et seq.*, and aver that Plaintiff's state law remedies are limited exclusively thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, law enforcement privilege shields the Defendants from liability on Plaintiff's state law claims.  *See* 18 Pa. Cons. Stat. § 508(a)(1).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants assert as an affirmative defense that Plaintiff was and is guilty of some or all of the charges the District Attorney filed against him, and the Defendants intend to prove his guilt by a fair preponderance of the evidence at the trial of this matter.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's criminal charges were held over at a preliminary hearing, and the holding over of criminal charges is affirmative evidence of probable cause.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.


WHEREFORE, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.

Date:  December 12, 2018                          Respectfully submitted,


                                                  /s/ *Meghan E. Claiborne*
                                                  Meghan E. Claiborne
                                                  Assistant City Solicitor
                                                  Pa. Attorney ID No. 315918
                                                  City of Philadelphia Law Department
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  215-683-5447
                                                  meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Answer with Affirmative Defenses was filed via the Court's electronic filing system and is available for downloading.

Date:  December 12, 2018                    Respectfully submitted,


                                        */s/ Meghan E. Claiborne*
                                        Meghan E. Claiborne