IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT HOLTON, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| BOBBY HENON, *et al.,* | : | |
| *Defendants.* | : | |

## MEMORANDUM

### I. Introduction

This suit arises from a long series of events involving the City of Philadelphia's (the "City") condemnation of property in 1951 to create a right-of-way for the Frankford Creek and lengthy litigation before both the City of Philadelphia Licensing & Inspection Review Board and the Court of Common Pleas of Philadelphia County. Plaintiff Robert Holton alleges that Defendants Bobby Henon, Darin L. Gatti, Edward Jefferson, and the City (collectively, the "Defendants") conspired to and did violate Plaintiff's Fifth Amendment rights. Defendants moved to dismiss the Second Amended Complaint based in part on the ground that the Court lacks subject matter jurisdiction over this matter. For the reasons set forth below, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 21) will be granted.

### II. Background

Plaintiff operated a scrap metal and automobile salvage business on a piece

1

of property he purports to own and as described in the deed attached to Plaintiff's Second Amended Complaint. ECF No. 21 at ¶ 12 (Second Am. Compl.), Ex. B (Deed). Plaintiff alleges that the property is "bounded by Richmond Street to the west, Delaware Avenue to the east, Contrail to the south and Frankford Creek to the north." *Id.* at ¶ 8. Plaintiff further alleges that at all relevant times, the property "did not violate zoning ordinances" and that Plaintiff "had purchased and paid for all necessary licenses and permits needed to carry on his business." *Id.* at ¶ 12.

Plaintiff alleges that Defendants, through a series of improper actions, "took" Plaintiff's property at the address identified without paying just compensation and caused PECO to turn off Plaintiff's power and ultimately to disconnect entirely. *Id.* at ¶¶ 10 & 17. Moreover, Plaintiff alleges that on October 13, 2018, Defendant Gatti "caused the City of Philadelphia to relocate the lot lines, change [Plaintiff]'s address and confine him to a small segment that is land-locked." *Id.* As alleged in the Second Amended Complaint, Plaintiff was ultimately removed from a portion of the land he claims he owns throughout the underlying dispute, referred to as 4087 Richmond Street. *Id.* at ¶ 17.

On March 2, 2017, the City Department of Licenses & Inspections ("L&I") inspected 4087 Richmond Street and issued a number of violations related to Plaintiff's use of 4085 Richmond Street, including the lack of a use registration

permit. ECF No. 25, Ex. H (Violation Notice).[1] Subsequently, L&I issued a Notice of Intent to Cease Operations and Order, which was to take effect on April 12, 2017 unless the violations were rectified. *Id.*, Ex. I (Notice of Intent to Cease Operations Order). This notice, which identified the address in violation as 4087 Richmond Street, stated that "[i]f a Cease Operations is issued, your business/property/establishment will be required to close, or that a portion or use of the premise as specific in the Order will be forced to cease immediately." *Id.* Plaintiff appealed the L&I violations to the L&I Review Board on April 3, 2017. *Id.*, Ex. J (Board of License and Inspection Review Findings of Fact and Conclusions of Law).

While Plaintiff's L&I Appeal was pending, he filed a state court action seeking emergency relief on April 12, 2017. *Id.*, Ex. L (Motion for Preliminary Injunction). Plaintiff sought, by way of the preliminary injunction, to restrain L&I from enforcing the Cease Operations Order pending review of the appeal by the L&I Board. *Id.* After a hearing was held, the court denied Plaintiff's preliminary injunction finding that the City had established that a "condition of immediate

---

[1] All of the documents cited to by Defendants and relied upon by the Court are matters of public record and their accuracy is not reasonably questioned as they were all filed in either the L&I proceedings or state court proceedings. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 413 (3rd Cir. 1999) (taking judicial notice of an earlier court opinion as a matter of public record).

3

danger or hazard to health, safety or welfare which requires immediate compliance" existed on the property. *Id.*, Ex. N (State Court Docket). On July 25, 2017, Plaintiff withdrew the action. *Id.*

On August 29, 2017, a hearing was held before the L&I Board on Plaintiff's appeal. *Id.*, Ex. G (L&I Hearing Transcript). Following a hearing, the L&I Board affirmed the City's violation determination and denied Plaintiff's appeal. *Id.*, Ex. O (L&I Notice of Decision). Plaintiff appealed the L&I Board's decision to the Court of Common Pleas on September 22, 2017. *Id.*, Ex. K (State Court Docket).

On February 15, 2018, while the state court appeal was pending, Plaintiff filed a second preliminary injunction in state court. *Id.*, Ex. P (Petition for Preliminary Injunction). The issue in the hearing ultimately crystalized into whether Plaintiff had any proof that the property referred to as 4087 Richmond Street was included in Plaintiff's deed in the face of the surveyor's sworn testimony that the deed did not include the property described as 4087 Richmond Street. *Id.*, Ex. Q at 97:1-5 (Second Preliminary Injunction Hearing Transcript). Therefore, the court gave Plaintiff the opportunity to submit within a certain amount of time a supposed supplemental deed from 2015 that Plaintiff claimed would prove his ownership of 4087 Richmond Street. *Id.* at 103:20-104:5. Plaintiff could not provide any proof other than a quitclaim deed he filed with the court on February 20, 2018, which he purported proved his ownership of 4087

Richmond Street and to which the City maintained pertained to 4085 Richmond Street. With this deed now on the record for review, on March 1, 2018, the court entered an order denying the second preliminary injunction. ECF No. 25, Ex. S (Order Denying Preliminary Injunction).

On August 20, 2018, the Court of Common Pleas affirmed the L&I Board's denial of Plaintiff's appeal after oral argument was held on the matter. *Id.*, Ex. T (Order Affirming L&I Board's Denial). Plaintiff filed a Motion for Reconsideration of that affirming order, which was denied. *Id.*, Ex. K (State Court Docket). Plaintiff never appealed the denial of the state court appeal. *Id.*

On October 13, 2018, the City finally enforced the Cease Operations Order by shutting down the business operating on 4087 Richmond Street. ECF No. 21 at ¶ 17 (Second Am. Compl.).

Plaintiff filed a Complaint in this instant action on May 25, 2018, setting forth no particular counts against Defendants but stating that "[j]urisdiction is founded upon the Fifth and Fourteenth Amendments of the Constitution of the United States of America, Title 28 United States Code Section 1343(4), Title 28 United States Code Section 1331 and Title 42 United States Code Section 1983." ECF No. 1 at ¶ 1 (Compl.). The gravamen of that Complaint alleged that "Gatti and others with whom he is associated, in addition to the named defendants, caused deeds to be recorded purporting to convey large portions of plaintiff's property to

the City of Philadelphia. Learning of this, plaintiff hired eminent domain counsel to reconvey to plaintiff[] [s]ome property, but not all, was subsequently reconveyed to plaintiff." *Id.* at ¶ 11(j).

Following Defendants' filing of a Motion to Dismiss, Plaintiff filed an Amended Complaint on July 12, 2018. ECF No. 7 (Am. Compl.). Defendants again filed a Motion to Dismiss, which was denied. ECF Nos. 9, 10, 11 & 13. Upon agreement by the parties, Plaintiff filed a Second Amended Complaint on January 22, 2019, asserting two claims: against Defendants Henon, Abraham, and Gatti for Conspiracy to Deprive Plaintiff of his Fifth Amendment Rights (Count I), and against the City of Philadelphia for Violating Plaintiff's Fifth Amendment Rights (Count II).

## III. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face," or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Facial attacks "do not challenge the Complaint on its factual record but

6

instead contend that the pleadings fail to present an action within the court's jurisdiction." *Isaacs v. Trustees of Dartmouth Coll.*, No. 13-5708, 2014 WL 4186536, at *6 (E.D. Pa. Aug. 25, 2014), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015) (citing *Mortensen*, 549 F.2d at 891) (citations omitted). "In that case, as there is no challenge to the factual record, the district court must accept as true the allegations within the Complaint and is limited to considering only the Complaint and its attached documents." *Id.* (citations omitted).

In the second type of Rule 12(b)(1) motion, attacking the existence of subject matter jurisdiction in fact, the court does not presume that the allegations in the plaintiff's complaint are true, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In such a case, "the court can consider affidavits attached to the moving papers or even require such affidavits to be submitted." *New Hope Brooks, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. Jan. 13, 2000) (citing *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993)).

While Defendants purport to bring a facial challenge to the Second Amended Complaint, ECF No. 25 at pg. 20, Defendants contend that "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself

the merits of the jurisdictional claims" and rely upon a myriad of documents in the public record attached to their moving papers to support their argument, *id.* Accordingly, the Court will consider Defendants' motion as challenging this Court's jurisdiction as a matter of fact.

The plaintiff has the burden of proving that the court has subject matter jurisdiction. *Mortensen*, 549 F.2d at 891. If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. *In re Orthopedic "Bone Screw" Products Liability Litigation*, 132 F. 3d 152 (3d Cir. 1997).

## IV. Discussion

"The *Rooker–Feldman* doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (citation omitted). Essentially, the "*Rooker–Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *Id.* (citation omitted). "Thus, a claim is barred by *Rooker–Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, *Rooker–Feldman* bars a litigant's federal claims and divests the District

8

Court of subject matter jurisdiction over those claims." *Id.* (citation omitted).

As Defendants argue, the Court of Common Pleas declined Plaintiff's requests to overturn the L&I Board's decision to enforce the second cease operations order as to 4087 Richmond Street because Plaintiff was unable to establish ownership over the property in question, just as the state court did in denying Plaintiff's second preliminary injunction after reviewing the evidence that Plaintiff maintained proved his ownership of 4087 Richmond Street, the quitclaim deed.

Remarkably, in its response to the City's statement that the property in question is owned by the City, and for the first time in this proceeding, Plaintiff raises the issue of adverse possession, which he never addressed before and has yet to address even at the state court level. Plaintiff now asks this Court to not only review and reverse state court decisions, but to do so based on a new theory put forth by Plaintiff for the first time during this years-long litigation: adverse possession. ECF No. 28 at pg. 2.

In other words, Plaintiff's response essentially says that even if Plaintiff does not in fact own the property identified as 4087 Richmond Street and even if the state court's determinations were in fact accurate, this Court should afford him another bite of the apple based on this new theory that he actually acquired ownership of the property in question by way of adverse possession. Thus, this

issue has not only been litigated over and over again in previous state court proceedings, but granting the relief sought by Plaintiff would necessarily require the Court to find that the state court was wrong a number of times even after Plaintiff has essentially admitted those determinations were indeed correct. The *Rooker–Feldman* doctrine bars this Court from making the very determinations Plaintiff's Second Amended Complaint seeks this Court to make. Because this Court does not have subject matter jurisdiction over this matter, it will be accordingly dismissed.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 21) will be granted. An appropriate Order follows.

DATED: 5-28-2019

BY THE COURT:

CHAD F. KENNEY, J.