IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| | : | NO.   18-2228 |
| **BOBBY HENON, et al.** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF PLAINTIFF ROBERT HOLTON TO ALTER OR AMEND
ORDER ENTERED ON MAY 29, 2019 FOR CLEAR ERROR OF LAW**

Robert Holton, Plaintiff, moves to alter or amend the Order entered on May 29, 2019, pursuant to Fed.R.Civ.P. 59(e), on the ground that the Court has subject matter jurisdiction to hear and adjudicate the claims set forth in the Second Amended Complaint, in accordance with *Exxon Mobil Corp. v, Saudi Basic Industries Corp.,* 544 U.S. 280, 125 S.Ct.1517, 161 L.Ed.2d 454 (2005). There the Court determined that the Rooker-Feldman doctrine upon which the District Court's order relies does not apply when the district court action preceded the state court judgment or order. "The central proposition announced by the Supreme Court in Exxon Mobil is that entry of a state court judgment does not defeat federal jurisdiction of a federal action pending at the time the judgment was entered." Wright-Miller-Cooper, Federal Practice and Procedure, Thompson Reuters 2019 Supplement Sec. 4469.1,p.16, *Exxon Mobil Corp v. Saudi Basic Industries Corp*. *Id*. at 284., See, *Great Western Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,166 (3rd Cir.2010), *Taliaferro v. Darby Township Zoning Board*, 458 F.3d 181,192-193 (3rd Cir.2006). See also, *Moore's Federal Practice* 3d. Sec.133.33 [2] [c] ftn.46, "Federal jurisdiction does not vanish if a state court reaches a judgment while the case remains pending in federal court." Other circuit courts of appeal were in accord with Exxon Mobil's reasoning before the United States Supreme Court's decision. See, e.g., *Vulcan Chem. Technologies,*

*Inc. v Barker*, 297 F.3d 332,338 and n.2 (4th Cir.2002). "It would be a novel application of the already beleaguered Rooker-Feldman doctrine to divest a federal court of jurisdiction because state court proceedings initiated after the federal action was filed led to a state judgment before the federal court had acted." The "first in time" rule is now settled law. "Application of the Rooker-Feldman doctrine is necessarily limited to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Taliaferro Id*. This action was commenced on May 25, 2018 alleging jurisdiction under the Fifth and Fourteenth Amendments of the United States Constitution, 28 U.S.C. 1343(a)(4), federal civil rights violations, and 42 U.S.C section 1983. An Amended Complaint was filed on July 12, 2018, alleging the same cause of action under the Fifth Amendment "Takings" clause as the Second Amended Complaint joining the City of Philadelphia as a co-defendant. Motions to strike or dismiss the Amended Complaint were denied. Defendants were represented by the City of Philadelphia Law Department.

    The state court appeal of the adverse determination by the Licenses and Inspection Review Board was affirmed after the appellee, City of Philadelphia withdrew all charges of violation of City Fire and Licenses and Inspection ordinances, except failure to obtain a use registration permit consistent with zoning ordinances. The Court affirmed the decision of the Licenses and Inspection Review Board reasoning that one violation of zoning ordinances required affirmance and adhered to that determination on motion for reconsideration. (The transcript is ordered but delayed due to a breakdown of the Court's systems as a result of damage to its computer technology now in its fifth week).

    It is important to note that Holton's Complaint in the case at bar does not attack the denial of a use registration permit because of zoning restrictions. This action concerns taking of his property without payment of just compensation required by the United States Constitution. Rooker-Feldman does not deprive the District Court of subject matter jurisdiction of his "Takings" claim. In re *Large*, 665 F3d 506, 517-518 and n.15 (3rd

Cir.2011) distinguishes the Rooker-Feldman doctrine in cases that do not turn on the correctness of the state court decision where there is an independent violation of rights. *Large* involves a director of a corporation who was also the custodian of 90% of the corporate stock for a minor. He sued the corporation and won a default judgment. A successor custodian for the minor sued in federal court claiming that the Director/Custodian violated fiduciary duties to the corporation and the minor by bringing the action. The Court of Appeals determined that the successor custodian's claim in federal court was not barred by Rooker-Feldman because it asserted an independent violation of rights that did not turn on correctness of the default judgment. Holton complains of taking his property known as 4085 Richmond Street, bounded by Richmond Street to the west, Delaware Avenue to the east Contrail to the south and the Frankford Creek to the north. The defendants contend that the City of Philadelphia acquired property within these geographic boundaries by eminent domain in 1951. Fed.R.Evid 201(b) is relied upon to allow judicial notice of the geography of the Frankford Creek Right of Way. There are no official surveys appended to defendants' motion to dismiss.

    There is a requirement that a "speaking" motion under Fed.R.Civ.P.12(b)(6) be presented to the court as one for summary judgment under Rule 56. See Fed.R.Civ.P.12(d) and Fed.R.Civ.P.11(b)(2). The motion to dismiss the Second Amended Complaint is not supported by a survey done by the Fifth Survey District contemporaneous with sale of the property in question to Holton, or any previous survey. Due process requires notice and an opportunity to be heard upon the issue. This is especially required when the moving party, City of Philadelphia, has the database, and has established boundaries by exercise of its power of eminent domain in connection with acquisition of the Frankford Creek Right of Way. The City calls the Frankford Creek Right of Way 4087 Richmond Street in order to distinguish its boundaries from Holton's property. The City relies upon drawings that involve former abandoned streets. Former abandoned streets are not (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, Fed.R.Evid 201. A party seeking dismissal of an

action based on facts available to the moving party from its own surveyors should be required to support its motion by affidavits or other offer of proof under Rule 56. The requirement is manifest when the moving party is the City of Philadelphia with sufficient resources for that information.

Whether the federal claim is inextricably intertwined with the state court decision depends on whether the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Pennzoil Co. v Texaco, Inc,* 481 U.S.1, 25(1987). Concurring opinion by Justice Marshall, followed in *FOCUS v, Allegheny Court of Common Pleas*, 75 F.3d 834,840(3rdCir.1996), *Untrucht v. Weimann,* 2005 Decisions 899, 141 Fed.Appx.46,49(3rd Cir.2005). The case at bar is about Holton's ownership of the property and whether state action unlawfully deprived Plaintiff of his property by a "taking". The order denying Holton's appeal from the order of the Licenses and Inspections Review Board is concerned only with the lawfulness of Holton's uses of the property, whether those uses violated City of Philadelphia ordinances and is not germane to deprivation of Holton's ownership of the property, which is the subject of this litigation.

Rooker-Feldman is not a bar when there are interlocutory orders or administrative orders. Denial of a preliminary injunction pending appeal of an administrative order does not preclude this action for unlawful taking in violation of the Fifth Amendment. See *KeyScan Inc, v. Brewer*, 2005 U.S. Dist. LEXIS 6510 at *6-*8, citing *Bruno v. Superior Court of Pennsylvania*. 946 F.Supp.2d 392, 395-97 (E.D.Pa.2013), *Whiteford v. Reed*, 155 F.3d 671, 673-74(3rdCir.1998), *Parkview Assocs.Pshp v. City of Leb.*,225 F.3d 321. 2000 U.S, Dist. LEXIS 26227(WD Pa,2011), Shipps Danaher 2010 U.S.Dist. LEXIS 28409(E.D.Pa.2010)

    Respectfully submitted,

_____
JACK M. BERNARD, ESQUIRE
*Attorney for Plaintiff Robert Holton*
Attorney I.D. 26643
1550 Beacon Street, Unit 6G

Brookline, Massachusetts
Phone (484) 437-6804
jackbernard@verizon.net