IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ROBERT HOLTON** | : | **CIVIL ACTION** |
| **Plaintiff,** | : |  |
| vs. | : |  |
|  | : | **NO.  2:18-cv-02228-CFK** |
| **BOBBY HENON, et al.** | : |  |
| **Defendants** | : |  |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
ENTERED JULY 8, 2019 DENYING PLAINTIFF'S MOTION TO
ALTER OR AMEND ORDER OF DISMISSAL**

**INTRODUCTORY STATEMENT**

The present motion does not seek to reargue the issue previously presented except to the extent a recent, June 21, 2019 opinion of the United States Supreme Court has a direct bearing.

On June 21, 2019, the Supreme Court issued its decision and opinion in *Knick v. Township of Scott, Pennsylvania,* October Term 2018 No.17-647, reversing a decision of the United States Court of Appeals for the Third Circuit, 802F.3d310 (3rd Cir. 2017). In a five to four decision the Court overruled a 1985 precedent, *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 437 U.S. 172 which held that property owners must seek just compensation under state law in state court before bringing a federal takings claim under §1983.

**<u>ARGUMENT</u>**

Counsel for Plaintiff did not make reference to Williamson County in the previous motion to alter or amend. The previous motion was grounded in well established precedents holding that Rooker-Feldman does not operate as a bar to an action in federal court that precedes a state action that is unsuccessful. This court had previously applied Rooker-Feldman to a state court action that is inexorably intertwined with the federal action such that an adverse result is preclusive.

Notwithstanding, Williamson County which was the law as it existed when the case at bar was filed, to and including the order of dismissal, stood for a rule that the Plaintiff could not seek relief in federal court prior to an adverse result in state court, while the decision and opinion of the case at bar is that Plaintiff may not seek relief in federal court if he lost in state court. These two principles cannot exist at the same time.

Nothing in Rooker-Feldman suggests that pending litigation in state court, whether or not inextricably intertwined with the federal litigation, is preclusive until it is decided.

Therefore, Rooker-Feldman does not defeat the present action. Accordingly, the order entered on July 8, 2019 should be reconsidered in light of the law governing Fifth Amendment Takings cases at the time this action was brought. Counsel for Plaintiff did not argue Williamson County in Plaintiff's Rule 59(e) motion, in the belief that Exxon Mobil and Third Circuit Court of Appeals decisions argued in support were persuasive. The decision and opinion in *Knick v Township of Scott, Pennsylvania* establishes that Fifth Amendment Takings cases are treated differently with respect to the interplay of

federal-state court jurisdiction, such that the result in state court is not determinative of the result in federal court.

                                                Respectfully submitted,

                                                */s/ Jack M. Bernard*

                                                _____
                                                JACK M. BERNARD, ESQUIRE
                                                *Attorney for Plaintiff*
                                                1550 Beacon Street,  6G Unit
                                                Brookline, MA 02243
                                                Tel: 484-437-6804
                                                jackbernard@verizon.net