IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia (collectively as "Defendants"), by and through the undersigned counsel, hereby file this Answer with Affirmative Defenses and aver as follows:

## I.
## JURSIDICTION AND VENUE

1. The allegations contained in this paragraph constitute conclusions of law and therefore require no response.

2. The allegations contained in this paragraph constitute conclusions of law and therefore require no response.

## II.
## PARTIES

3. Admitted in part, denied in part. Admitted that Plaintiff Robert Holton ("Holton") owned a piece of real estate in the City and County of Philadelphia, Commonwealth of Pennsylvania, where he operated a scrap metal and automobile salvage business. Denied that Plaintiff ever owned the piece of real estate at issue in this matter.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. Admitted that at all relevant times, Edward Jefferson was a Senior Attorney in the Housing and Code Enforcement Unit of the Office of the City Solicitor, City of Philadelphia Law Department.

7. Admitted.

### COUNT ONE

### PLAINTIFF vs. DEFENDANTS BOBBY HENON, EDWARD ABRAHAM, DARRIN L. GATTI, CIVIL CONSPIRACY TO DEPRIVE PLAINTIFF OF RIGHS SECURED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA

8. Denied.

9. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.

10. Denied. The press release is a document which speaks for itself.

11. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

12. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

13. Denied.

14. Denied.

15. Denied. The press release ia document which speaks for itself.

16. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a

response is required, denied. It is specifically denied that Plaintiff ever owned the piece of real estate at issue.

17. Denied.

18. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

19. Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count I.

## COUNT TWO

### PLAINTIFF vs. CITY OF PHILADELPHIA
### VIOLATION OF FIFTH AMENDMENT,
### CONSTITTUION OF THE UNITED STATES

20. No response is required to Paragraph 20.

21. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.

22. Denied. It is specifically denied that Plaintiff was never the owner of the piece of real estate at issue.

23. Denied. It is specifically denied that Plaintiff was never the owner of the piece of real estate at issue.

24. Denied. Case No. 170902750 is a judgment action to which Plaintiff is not a party. By way of further response, Plaintiff did not prevail as to all alleged violations appealed in Case No. 170902758. *See* Order dated August 20, 2018 denying appeal.

25. Denied. It is specifically denied that Plaintiff was never the owner of the piece of real estate at issue.

26. Denied. It is specifically denied that Plaintiff was never the owner of the piece of real estate at issue.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count II.

## JURY DEMAND

All Defendants demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act," 42 Pa. Cons. Stat. § 8541 *et seq.*, and aver that Plaintiff's state law remedies are limited exclusively thereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

WHEREFORE, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.

Date:  December 1, 2020               Respectfully submitted,

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne
Assistant City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447
meghan.claiborne@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Answer with Affirmative Defenses was filed via the Court's electronic filing system and is available for downloading.

Date: December 1, 2020                                    Respectfully submitted,


                                                         */s/ Meghan E. Claiborne*
                                                         Meghan E. Claiborne