**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **ROBERT HOLTON,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of the Defendants' Motion for Summary Judgment, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURHTER ORDERED** that Judgment is entered in favor of Defendants, and against Plaintiff, as to all claims.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia ("Defendants"), hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Pursuant to Local Rule 7.1(c), and in support of this Motion for Summary Judgment, the Defendant hereby incorporates by reference the attached Memorandum of law as though fully set forth at length. Defendant respectfully requests that this Court enter judgment against Plaintiff, and in favor of Defendants, as to all claims.

Dated:  September 24, 2021

Respectfully submitted,

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne
Deputy City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
meghan.claiborne@phila.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ROBERT HOLTON,** <br> **Plaintiff,** <br><br> v. <br><br> **BOBBY HENON, et al.** <br> **Defendants.** | **CIVIL ACTION** <br><br><br> **NO. 18-2228** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Bobby Henon, Darin L. Gatti ("Mr. Gatti"), Edward Jefferson ("Mr. Jefferson"), and the City of Philadelphia (individually as "the City," and collectively as "Defendants"), hereby move for an order entering judgment in their favor, and against Plaintiff, as to all claims.

### I.     INTRODUCTION

On October 13, 2018, Plaintiff was removed from City property upon which he was illegally operating his business pursuant to cease operations order from the City Department of Licenses and Inspections ("L&I") stemming from multiple L&I violations which were upheld by the Court of Common Pleas. Plaintiff brought this suit claiming that his rights were violated because he actually owned the property (or portions of the property) from which he was removed. Specifically, Plaintiff asserted the following claims: (1) Taking under the Fifth Amendment (Count Two), and (2) Conspiracy to commit the alleged taking (Count One).

While the Second Amended Complaint only alleges that Plaintiff owned the property purportedly taken by the City on October 13, 2018 via deed, over the course of discovery Plaintiff has expanded his claim to assert that he owned some or all of the property from which

the City removed him via adverse possession. However, Plaintiff concedes that even now, over three (3) years since this litigation was commenced and months after the close of discovery, he is unable to answer the most basic questions of (1) the metes and bounds of the portion of the Frankford Creek Right-of-Way he purportedly adversely possessed from the City, and (2) whether the City removed Plaintiff from any property owned via deed. Moreover, Plaintiff concedes that as of October 13, 2018, he had not even begun quiet title proceedings as to any portion of the Frankford Creek Right-of-Way from which he was ultimately removed.

In sum, Plaintiff is unable to point to any facts in the record sufficient to support a material issue of fact sufficient to preclude summary judgment.

## II. STATEMENT OF FACTS

Defendants hereby incorporate and refer to the attached Statement of Undisputed Material Facts ("SUMF") in support of this Motion for Summary Judgment.

## III. STANDARD OF REVIEW

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.[2] A factual dispute is "material" only if it might affect the outcome of the suit under governing law.[3] All inferences must be drawn, and all doubts resolved in favor of the non-moving party.[4]

---

[1] Fed. R. Civ. P. 56(c).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[3] *See id.*
[4] *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes.[5] To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials.[6]

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case."[7] The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion.[8] Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party."[9] Furthermore, the "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings."[10] "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." *Id*

## IV.   ARGUMENT

### A.   Plaintiff Has Not Adduced Evidence That His Property Was Taken.

A necessary element of a claim under the Takings Clause is that Plaintiff have an ownership interest in the property at issue. *See River Nile Invalid Coach & Ambulance, Inc. v. Velez*, 601 F. Supp. 2d 609, 622 (D.N.J. 2009); *Keystone Cable-Vision Corp. v. FCC*, 464 F.

---

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[6] *See id.* at 321, n.3; *First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co.*, 824 F.2d 277, 282 (3d Cir. 1987).
[7] *Celotex*, 477 U.S. at 322-24.
[8] *See Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989).
[9] *Schwartz v. Hospital of Univ. of Pa.*, 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).
[10] *Poles v. St. Joseph's Univ.*, 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing *Celotex*, 477 U.S. at 325).

Supp. 740 (W.D. Pa. 1979). Here, regardless of the theory ultimately advanced by Plaintiff, the record fails to support that Plaintiff had any such necessary interest.

To the extent Plaintiff alleges that the City removed him from property owned pursuant to the Holton Property Deed, Plaintiff cannot create a material of issue of fact as to whether any such property was ever taken by the City. First, Mr. Gatti testified that he was on-site on October 13, 2018 to ensure that the boundaries of the Holton Property, as identified in the Holton Property Deed, were staked out in advance of the removal to ensure that Plaintiff was only removed from City property. SUMF at ¶¶ 31-33. Moreover, Plaintiff concedes that he does not have knowledge of whether the City removed him from any property owned via the Holton Property Deed on October 13, 2018 and the record is void of any other evidence supporting that the City removed Plaintiff from the Holton Property on October 13, 2018. *Id.* at ¶ 34. Thus, Plaintiff is unable to put forth any affirmative evidence supporting this claim, and the City is entitled to judgment as a matter of law as to any takings claim arising from the purported taking of property owned via the Holton Property Deed.

To the extent Plaintiff attempts to proceed on a theory that he owned portions of the Frankford Creek Right-of-Way pursuant to adverse possession, such a claim fails for several reasons. First, Plaintiff has conceded that he cannot identify what portions of the Frankford Creek Right-of-Way he purports to have obtained ownership over via adverse possession. SUMF at ¶ 35. Thus, Plaintiff cannot affirmatively identify any specific property taken by the City on October 13, 2018 which Plaintiff owned via adverse possession.

Second, Plaintiff cannot establish as a matter of law that he had acquired ownership of any portion of the Frankford Creek Right-of-Way via adverse possession as of October 13, 2018. Regardless of what evidence Plaintiff were to put forth concerning his purported use of the

Frankford Creek Right-of-Way prior to October 13, 2018, Plaintiff concedes that as of October 13, 2018 he had not commenced any action in the Court of Common Pleas of Pennsylvania to quiet title in or otherwise legally establish title as to any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan and that as of that date, no court of law had made a legal finding that Plaintiff obtained ownership over any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan via adverse possession or like means. SUMF at ¶¶ 36-37.

Under Pennsylvania law, adverse possession is defined as an "extraordinary doctrine which permits one to achieve ownership of another's property by operation of law." *Showalter v. Pantaleo*, 9 A.3d 233, 235 (Pa. Super. 2010) (citing *Recreation Land Corp. v. Hartzfeld*, 947 A.2d 771, 774 (Pa. Super. 2008)). Title of the subject property can be conferred to the moving party if, and only if, the movant is able to prove "actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years." *Id. See also, Tioga Coal Co. v. Supermarkets Gen. Corp.*, 546 A.2d 1, 3 (Pa. 1988) (each element must be satisfied, "otherwise the possession will not confer title.") (citation omitted). In other words, legally, title does not confer until the necessary legal action is brought. Because Plaintiff had not even commenced a quite title action as of the date of removal from the Frankford Creek Right-of-Way to quiet title, he is unable to establish that he had legal title to any portion of the Frankford Creek Right-of-Way from which he was removed on October 13, 2018. Nor is there any evidence in the record to support that as of the filing of this Motion that Plaintiff has even commenced such an action nearly three (3) years after his removal from the property. Thus, Plaintiff cannot establish even now that he has legal title in any portion of the Frankford Creek Right-of-Way.

Finally, Plaintiff was removed from the Frankford Creek Right-of-Way pursuant to two Cease Operation Orders issued by L&I as a result of multiple L&I violations. SUMF at ¶¶ 14-31. These violations were upheld by the L&I Review Board (the "Board") on August 30, 2017. *Id.* at ¶¶ 20-22. Plaintiff appealed the Board's decision to the Court of Common Pleas on September 22, 2017; the court denied Plaintiff's appeal on August 20, 2018. *Id.* at ¶¶ 23, 27. Plaintiff filed a motion for reconsideration of the denial on August 28, 2018, which the court denied on September 11, 2018. *Id.* at ¶¶ 28-29. Plaintiff failed to appeal the denial of the appeal and following the expiration of the appeals deadline, the City enforced the Cease Operations Orders predicated upon the violations on October 13, 2018. "Where a party fails to appeal a final order, it operates as *res judicata* on the issues decided." *Morgan Guar. Tr. Co. of New York v. Mowl*, 705 A.2d 923, 928 (Pa. Super. Ct. 1998) (citing *Laconis v. Burlington County Bridge Commission*, 583 A.2d 1218 (Pa. Super. 1990)). Plaintiff failed to appeal the Common Pleas Court's denial of the appeal of the violations from the Board, thus the order became final and the enforceability of the violations operates as *res judicata*. *Id.*

It is the "general federal rule that the preclusive effects of prior cases are determined by the law of the [forum where the judgment was entered]." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999). Because under Pennsylvania law the validity of the violations has been established as a matter of law in state court, this Court is precluded from overturning that decision. *Id.* Thus, any claim predicated on the removal of Plaintiff form the Frankford Creek Right-of-Way pursuant to the violations is precluded as a matter of law.

### B.     Plaintiffs Claim for Conspiracy Must Fail as a Matter of Law.

Defendants are entitled to judgment as a matter of law as to Plaintiff's conspiracy claim because, as explained above, Plaintiff has no underlying takings claim. *See Boyanowski*, 215

F.3d at 406 (quoting *Raneri*, 441 A.2d at 1376).

Even if this Court were to find that Plaintiff had sufficiently established an underlying claim, Plaintiff's claim for conspiracy still fails.  To establish a claim for conspiracy under section 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E.* Lansdowne, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (citing *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D. Pa. 2009)).

"Agreement is the *sine qua non* of a conspiracy." *Spencer*, 968 F. Supp. at 1020.  It is essential that a plaintiff specifically allege an agreement to carry out the alleged chain of events. *Id*. "It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id. See also, Hammond v. Creative Financial Planning Org.*, 800 F.Supp. 1244, 1249 (E.D. Pa. 1992) ("to state a claim for conspiracy under § 1983, plaintiff must make 'factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events.'") (citing *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)).

Here, the record is wholly devoid of <u>any</u> facts supporting the existing of a conspiracy among Defendants to unconstitutionally take property from Plaintiff.

### C. Defendant Attorney Jefferson is Entitled to Absolute Immunity

Further, all of Plaintiff's claims as to Attorney Jefferson fail as a matter of law because attorneys acting on behalf of the city in prosecutorial functions, including enforcement of city codes, are entitled to absolute immunity. Prosecutorial immunity extends to any official whose "duties are functionally analogous to those of a prosecutor's, regardless of whether those duties

are performed in the course of a civil or criminal action." *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991); *see also Poppell v. City of San Diego*, 149 F.3d 951, 962, 966 (9th Cir. 1998) (concluding absolute immunity applied to city attorney's discretionary decision about how to enforce city's zoning code). Because any actions taken by Attorney Jefferson in removing Plaintiff from the City's property were within the scope of his employment, he is entitled to immunity as to these actions. *Downs v. Borough of Jenkintown*, No. CV 18-4529, 2019 WL 1383802, at *6 (E.D. Pa. Mar. 26, 2019).

### D. The City is Entitled to Judgment as a Matter of Law

Plaintiff attempts to hold the City liable pursuant to *Monell v. Department of Social Services of New York City,* 436 U.S. 658 (1978). In *Monell*, the United States Supreme Court established that liability can only be imposed against a municipality when there is evidence that a constitutional violation by a municipal actor was the result of a municipal policy, custom or practice. *See id.* at 691-95. Put differently, courts adjudicating *Monell* claims "have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (superseded by statute on other grounds).

Further, municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Before municipal liability

will be imposed, the plaintiff must prove that the municipality's alleged practices are "*so widespread as to have the force of law.*" Bd. of Cty. Commrs. of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997) (emphasis added); *accord, Beck v. City of Pitt.*, 89 F.3d 966, 971 (3d Cir. 1996); *Andrews*, 895 F.2d at 1480. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). "[T]o be sure, 'official policy' often refers to formal rules or understandings – often but not always committed to writing – that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Id.* at 480-81.

In order to prevail on a *Monell* claim, the plaintiff must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Significantly, this "link" must be so direct as to establish that the allegedly deficient policy or custom was the "*moving force*" behind the plaintiff's alleged injury. *Brown*, 520 U.S. at 407-08 (emphasis added).

Finally, beyond identifying an offending policy or custom and the way in which it led to a violation of a plaintiff's rights, a plaintiff must demonstrate that an official with the power to make policy (i.e. a municipal "policymaker") is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom. *See Andrews*, 895 F.2d at 1480. A *Monell* claim can only proceed if record evidence establishes that such policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, the failure of which directly led to the plaintiff's injury. *See, e.g., Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990).

9

Here, Plaintiff is unable to establish any of the necessary elements. First, Plaintiff cannot establish an underlying constitutional violation of either procedural or substantive due process. Second, Plaintiff cannot identify a policy or custom that was the moving force of Plaintiff's alleged violation, let alone a policymaker responsible for any such policy or custom. Finally, Plaintiff cannot identify a single incident of similar, unlawful conduct to support that any such policymaker was aware of, but deliberately indifferent as to future violations.

## IV.   CONCLUSION

For the reasons set forth above, the Court should enter judgment in favor of Defendants, and against Plaintiff, as to all claims.

Respectfully Submitted,

Date:  September 24, 2021

*/s/ Meghan E. Claiborne*
Meghan E. Claiborne
Deputy City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
meghan.claiborne@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion for Summary Judgment was filed via the Court's electronic filing system and is available for downloading.

Date: September 24, 2021                    Respectfully submitted,

                                            */s/ Meghan E. Claiborne*
                                            Meghan E. Claiborne