IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT[1]**

**A.      The Holton Property**

1. On November 23, 2004, Plaintiff Robert Holton ("Plaintiff") purchased a piece of real property (the "Holton Property") from non-party Albert Buoncristiano ("Buoncristiano"). Holton Property Deed, attached as Exhibit A.

2. The Holton Property Deed specifically details the metes and bounds of the two premises – "Premises A" (PAL 101 034) and "Premises B" (Pal 101 05-8) – comprising the Holton Property. *See id.* at p. 2.

3. In anticipation of the sale, Buonristiano requested a site plan of Premises A and Premises B by the City of Philadelphia Fifth Survey District in 2004 (the "Holton Property Survey Plan"). Holton Property Survey Plan, attached as Exhibit B.

4. Premises A is identified as "Lot B" in the Holton Property Survey Plan. *Id.*

---

[1] Due to proximity of the Sanctions Hearing with the summary judgment deadline and counsel's conflicts which necessitated the need for an extension of the summary judgment deadline, counsel was unable to comply with the Court's Policies and Procedures No.5, requiring counsel to confer with opposing counsel fourteen days in advance of filing a motion for summary judgment as to undisputed facts. Counsel has only included facts which are supported by the record in attempt to comply with the remainder of the Court's Policy and Procedure.

1

5. The Holton Property Deed specifically identifies that the Premises A and Premises B identified therein are the same two pieces of real property outlined in the Plans of Surveys dated June 24, 1977 made by Barton and Martin Engineers - Plan of Surveys 1(Pal 101 05-8) ("1977 Plan of Survey 1") and 2 (PAL 101 034) ("1977 Plan of Survey 2"). Holton Property Deed at p.2; 1977 Plan of Survey 1, attached as Exhibit C; 1977 Plan of Survey 2, attached as Exhibit D.

6. The 1977 Plan of Survey 2 is a plan of the property described as Premises A in the Holton Property Deed and Holton Property Survey.

7. Premises A was subsequently misidentified by the Office of Property Assessment ("OPA") as 4085 Richmond Street. Deposition of Darin Gatti ("Gatti Dep."), attached as Exhibit E, at 8:9-9:8. OPA has since corrected the address, and the property is no longer recognized as 4085 Richmond St. *Id.* at 9:9-13.

8. As evidenced by the Holton Property Deed, Holton Property Survey Plan and 1977 Plan of Survey 2, Premises A (aka 4085 Richmond) does not extend all the way to Richmond Ave., but rather stops at what was formerly Balfour St.:



Ex. D (portion, coloring added). *See also*, Exs. A & B.

**B.      Violations for Operating on the Frankford Creek Right-of-Way**

9. Plaintiff operated a scrap metal business from Holton Property. Defendants' Interrogatories to Plaintiff and Plaintiff's Responses, attached as Exhibit F, at Interrogatory No. 5.

10. At some point, Plaintiff began operating his scrap metal business on portions of City property to the west and north of the Holton Property. *Id.*

11. The land to the west and north of the Holton Property constitutes a portion of the real property obtained by the City through eminent domain roughly 60 years ago in accordance with City Council Ordinance dated December 19, 1951 (the "Frankford Creek Plan") to create the Frankford Creek right-of-way (the "Frankford Creek Right-of-Way"). Frankford Creek Plan, attached as Exhibit G.

12. The City assigned the fictional address of 4087 Richmond to the portion of the Frankford Creek Right-of-Way on which Plaintiff was operating his business. Transcript of L&I Hearing on Sept. 29, 2017, attached as Exhibit H.

13. 4085 Richmond was at all times separated from Richmond Avenue by the Frankford Creek Right-of-Way. The portion of the Frankford Creek Plan below shows the Frankford Creek Right-of-Way in relation to the Holton Property, with the red line indicating what was formerly Balfour Street (the western border of the Holton Property):



Ex. G.

14. At some point, it was discovered that Plaintiff and another individual were operating a business on 4087 Richmond. Ex. H at 4:8-23.

15. As City-owned property and part of the Frankford Creek Plan, 4087 Richmond was not zoned for the business Plaintiff was operating on it. *Id.*

16. Further, because Plaintiff did not have legal title to 4087 Richmond or have the City's permission to operate a business on the City's property, Plaintiff did not have the proper licenses for the business operating on 4087. *Id.* at 8:20-9:1.

17. As a result, on March 2, 2017, the City of Philadelphia Department of Licenses & Inspections ("L&I") inspected 4087 Richmond St. and issued a number of violations related to Plaintiff's use of 4085 Richmond, including the lack of a use registration permit ("L&I Violations"). *See* L&I Violations, attached as Exhibit I.

18. L&I subsequently issued a "Notice of Intent to Cease Operations and Order" ("First Cease Operations Notice") which was set to take effect on April 12, 2017 unless the violations were rectified. First Cease Operations Notice, attached as Exhibit J.

4

19. The First Cease Operations Notice, which identified the address in violation as 4087 Richmond St., specifically stated that "[i]f a Cease Operations is issued, your business/property/establishment will be required to close, or that a portion or use of the premise as specific in the Order will be forced to cease immediately." *Id.*

20. Plaintiff appealed the L&I Violations to the L&I Review Board (the "Board") on April 3, 2017 ("L&I Appeal"). L&I Findings of Fact and Conclusions of Law, attached as Exhibit J, at p.7.

21. On August 29, 2017, a hearing was held before the Board ("L&I Hearing") on Plaintiff's appeal. *See generally*, Ex. H.

22. Following the hearing, the Board unanimously affirmed the City's violation determination, denying Plaintiff's appeal. Board Notice of Decision, attached as Exhibit L.

23. Plaintiff appealed the Board's decision to the Court of Common Pleas on September 22, 2017. State Court Appeal Docket, attached as Exhibit M.

24. L&I issues a second cease operations notice to Plaintiff on February 1, 2018 ("Second Cease Operations Notice") that stated that Plaintiff must "immediately comply with the Cease Operations Order and to remove from the land all equipment, materials, vehicles, structures, appliances and waste" from the Frankford Creek Right-of-Way (a/k/a 4087 Richmond St.) no later than February 16, 2018. Second Cease Operations Order, attached as Exhibit N.

25. The letter further states that "[u]se and operations upon the property referenced above as 4087 Richmond Street, which has been determined by the Ordinance dated December 19, 1951 to be part of the Frankford Creek Right-of-Way, have been Ceased by Order of the Department of Licenses ("L&O") on April 12, 2017." *Id.*

26. The Second Cease Operations Notice continued:

> If you fail to make the said required removals and to vacate the Right-of-Way, the City secure the land from entry after making the said removals and disposals, the cost of which will be billed to you, Robert Holton.

*Id.*

27. Oral argument was heard on the State Court Appeal on August 20, 2018. That same day, the Court affirmed the Board's denial of Plaintiff's appeal ("Aug. 20 Order Denying Appeal"). Aug. 20 Order Denying Appeal, attached as Exhibit O.

28. On August 28, 2018, Plaintiff filed a Motion for Reconsideration of the Aug. 20 Order Denying Appeal ("Motion for Reconsideration"). *See* Ex. M.

29. On September 11, 2018, the Court denied Plaintiff's Motion for Reconsideration. *See id.*

30. Plaintiff never appealed the denial of the State Court Appeal. *Id.*

**C.   Plaintiff's Removal From the Frankford Creek Right-of-Way**

31. On October 13, 2018, the City ultimately enforced the Cease Operations Orders by shutting down the business illegally operating on the City-owned property identified as 4087 Richmond. Ex. E at 50:19-51:3.

32. Mr. Gatti, in his role as chief engineer and president of the Board of Surveyors, was present for the removal of Plaintiff's property from 4087 Richmond. *Id.* at 51:2-22.

33. As part of his responsibilities, Mr. Gatti ensured the property lines for the Holton Property were staked out to ensure Plaintiff was only removed from City property and not property he owned pursuant to the Holton Deed. *Id.*

34. Plaintiff concedes that he does not know whether the City removed him the property he owned subject to the Holton Deed. *Holton v. Henon, et al.*, Transcript of Sanctions Hearing (Sept. 7, 2021), attached as Exhibit P, at 19:10-24.

35. Plaintiff further concedes that he does not have the metes and bounds description of any portion of the Frankford Creek Right-of-Way Plaintiff may have adversely possessed from the City. *Id.* at 8:14-17, 19:10-24.

36. As of October 13, 2018, Plaintiff had not commenced any action in the Court of Common Pleas of Pennsylvania to quiet title in or otherwise legally establish title as to any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan. Requests for Admissions and Plaintiff's Response, Request at No. 5, attached as Exhibit Q.

37. As of October 13, 2018, no court of law had made a legal finding that Plaintiff obtained ownership over any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan via adverse possession or like means. *Id.* at Request No. 6.

Date:  September 24, 2021  　　　　　　　　　*/s/ Meghan E. Claiborne*
　　　　　　　　　　　　　　　　　　　　　Meghan E. Claiborne
　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 315918
　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　215-683-5447 (phone)
　　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　　meghan.claiborne@phila.gov