**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | **:** | |
| **ROBERT HOLTON,** | **:** | **CIVIL ACTION** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **NO. 18-2228** |
| | **:** | |
| **BOBBY HENON, et al.** | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia (collectively as "Defendants"), hereby serve Interrogatories and Requests for Production of Documents upon you, Plaintiff Robert Holton, pursuant to Federal Rules of Civil Procedure 33 and 34. You are hereby notified that your Answers, duly executed and sworn, must be returned within thirty (30) days of the date of service of these documents. These Interrogatories and Requests for Production of Documents are continuing in nature and, therefore, will require supplemental responses as additional information is obtained by the Plaintiff as mandated pursuant to the applicable Rules of Civil Procedure.

Your responses shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf, whether in preparation for litigation or otherwise. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory or request for documents as completely as possible. This means that you must provide an answer now based on the information you currently know or have in your possession, custody or control. You may not withhold such information until your investigation has concluded or discovery is complete.

The omission of any name, fact, or other item of information from your responses shall be deemed a representation that such name, fact, or other item was not known to the Plaintiff, the Plaintiff's counsel, or other representatives at the time of service of your responses.

All terms in these Interrogatories and Requests for Documents shall be given their ordinary meaning unless specifically defined otherwise.  When an Interrogatory requests you to "Identify" a person or place, you are to provide that person's or place's name, address and telephone number. When an Interrogatory requests you to "Identify" a document, you are to provide the name, address and telephone number of the person who authored the document, the nature and content of the document identified, and the date and place where it was prepared or authored. For purposes of these Interrogatories, and as the facts of this civil action may require, the singular shall be plural and the plural shall be singular where applicable or appropriate.

As the context of the Interrogatory may require, "You" or "Your" shall mean the Plaintiff, or the Plaintiff's agent, representative or other person acting on the Plaintiff's behalf.

## **INTERROGATORIES**

1.      Please identify the individual(s) who provided information used in answering these Interrogatories.


2.      State the full name and current address of the Plaintiff and and any other names that Plaintiff has been known by in the preceding ten (10) years, as well as every other address at which Plaintiff has resided during the preceding ten (10) years and the dates during which Plaintiff resided at any such locations.


3.   What is your occupation, career, or profession?  Please include:

a.  Current place of work, including address and immediate supervisor;

b.  Previous places of work for the five (5) years preceding the incident which forms
    the basis for your Complaint, including addresses and immediate supervisors for
    each place of work;

c.  Hourly pay, including estimated yearly gross pay, or salary information for each
    place of work listed under this Interrogatory;

d.  If your position was temporary or for a set period of time, please indicate the
    period of time for which the position did, or was intended, to last.

4.      Identify the boundaries the specific portion of the Holton Property identified in
Paragraph 13 of the Second Amended Complaint that was purportedly taken by the City. Please
further identify the date when the property was taken, and the means by which it was taken.

5.      Describe Plaintiff's specific use of the Property identified in response to
Interrogatory Number 4, including the dates of use of said property.

6.      Describe your ownership interest in property identified in response to
Interrogatory Number 4, the dates of said ownership and the method by which Plaitniff obtained
ownership of said property.

7.      To the extent Plaintiff is seeking damages for the purported taking without just
compensation of any additioanl portion(s) of Plaintiff's property, please identify the the

boundaries of each additional portion of property. Please further identify the date(s) when the

property was/properties were taken, and the means by which it was/they were taken.

8.     Describe Plaintiff's specific use of the Property identified in response to

Interrogatory Number 7, including the dates of use of said property.

9.     Describe your ownership interest in property identified in response to

Interrogatory Number 7, the dates of said ownership and the method by which Plaitniff obtained

ownership of said property.

10.     Identify the "minor exceptions" where Plaitniff failed to purchase and pay for

neecssary licenses and permits needed to carry on your business as identified in Paragraph 12 of

the Second Amended Complaint?

11.     Identify any and all actions taken to obtain the address "4085 Richmond," now

known as 3950 N. Delaware Ave.?

12.     Identify any and all actions taken to obtain the address "4087 Richmond" for the

property from which Plaintiff was purportedly removed on October 13, 2018.

13.     Identify each action purportedly taken by the individual Defendants to unlawfully

deprive Plaitniff of his property or properties as identified in Paragraph 22 of the Second

Amended Complaint. Specifically, please identify which Defendant or Defendants took the

action in question and the date or dates on which they occurred.

14.     Identify the innaccurate tesitmony purportedly provided by Defendants as identified in Paragraph 22 of the Second Amended Complaint. Specifically, please identify the statements, the specific individual who made the statement, when it was made, and why it was inaccurate.

15. Identify Plaintiff's relationship with and/or connection to JRN Cycles.

16. Have you ever been involved in a civil suit for damages, either as a plaintiff, or a defendant?  If so, please include:

    a.   The caption and docket number of any such suit;

    b.   The court in which any such suit was brought;

    c.   The resolution of any such suit.

17. Have you ever been arrested?  If so, please include:

    a.   Date, place, and time of arrest;

    b.   Which charges, if any, were brought against you as a result of the arrest;

    c.   Whether those charges are currently pending;

    d.   The final resolution of any charges and the manner in which they were resolved (e.g. trial, guilty verdict, guilty plea, etc.).

18. State the names, phone numbers and addresses of any individuals who have or may have information related to Plaintiff's claims, regardless of whether Plaintiff intends to call

the individual at trial. Please further provide a brief summary of the information possessed or believed to be possessed by that individual.

19. Please identify the expert witnesses you, or your attorney/agent, may call at trial.  For each witness, please include:

   a.   The witness' name;

   b.   The witness' address;

   c.   A summary of the witness' expected testimony.

20. Have you created, or do you or your agents possess, any letter, formal complaint, grievance, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document relating to the incident which forms the basis for this Complaint?  If so, please include:

   a.   Date you created any such document;

   b.   Person to whom any such document was transmitted/sent;

   c.   Contents of any such document;

   d.   Current location of any such document.

## REQUESTS FOR PRODUCTION

You are hereby requested to produce the originals or clear, readable copies of the documents and/or items listed below. These documents and/or items will be processed and photographs reproduced. The documents and/or items listed below are to be produced at the offices of the City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595, within thirty (30) days. Such request is continuing up to and at the time of trial.

1.      Any and all documents, including, but not limited to, any deeds, surveys or plots, describing and/or evidencing your ownership interest in the piece or pieces of property purportedly taken by the City and as identified in response to Interrogatories Numbers 6 & 9.

2.   Any and all documents, photographs, videos or other media evidencing your use of the Property identified as identified in Interrogatory Numbers 5 & 8,  including, but not limited to, leasing or rental documents.

3.   Any and all licenses and permits necesssary to conduct your business on the propert/(ies) at issue and described in paragraph 12 of the Second Amended Complaint.

4.   Any and all photographs, videos, images or other electronic recordings of the Property created in five (5) years demolition of the Property.

5. Any and all documents evidencing your operation of a business called "Final Destination" on the "Frankford Creek Tract" since 1992 as identified in Plaintiff's Request for Admissions Number 8.

6. Any and all documents evidencing your purchase of a scrap metal business which was operated on the "Frankford Creek Tract" from Albert Buoneristiano [sic] in 1994 as identified in Plaintiff's Request for Admissions Number 4.

7. Any and all documents supporting the claimed economic damage in Paragraph 38 of the Complaint.

8. Copies of any and all communications, whether written or recorded via electronic means, by and between Plaintiff, Plaintiff's attorneys and/or agents, and Albert Buoncristiano, his attorneys and/or agents, in advance of and/or related to the purchase of the property pursuant to Deed 5107938, dated November 23, 2004 including, but not limited to, those communications concerning the property boundaries and access to public roads from the property.

9. Any and all documention of communicaiton, including written notations, electronic mail, text messages, WhatsApp messages, Facebook messages – either internally or between Plaintiff and any third-parties – concerning the Property or this lawsuit (excusive of communications that constitute attorney-client privilege) from the date of the issuance of the first notice of violation on March 2, 2017 to present. To the extent any communcaitions are withheld

on the basis of privilege, please produce a log of any such communications indicating the method of communication, the date and the general substance of the communication.

10. A copy of any letter, formal complaint, grievance, report, memorandum, statement, email, message, blog post, "Facebook" post or message, "Twitter" post or message, video recording, audio recording, photographs, or any other document identified in resopnse to Interrogatory Number 20.

11. Any and all documents supporting Plaintiff's damages apart from the value of the property at issue including any documents supporting loss of personal property and/or business income.

12. Reports of any and all experts who will testify at trial.

Date:  March 29, 2021                                    Respectfully submitted,

                                                          /s/ *Meghan E. Claiborne*
                                                          Meghan E. Claiborne
                                                          Deputy City Solicitor
                                                          Pa. Attorney ID No. 315918
                                                          City of Philadelphia Law Department
                                                          1515 Arch Street, 14th Floor
                                                          Philadelphia, PA 19102
                                                          215-683-5447
                                                          meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ROBERT HOLTON,** | **:** | **CIVIL ACTION** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **NO. 18-2228** |
| | **:** | |
| **BOBBY HENON, et al.** | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## CERTIFICATE OF SERVICE

I certify that on March 29, 2021, the foregoing Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia, First Set of Interrogatories and Requests for Production to Plaintiff was served via electronic mail on counsel for Plaintiff.


/s/ *Meghan E. Claiborne*
Meghan E. Claiborne

DATED:  March 29, 2021

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-2228** |
| **v.** | : | |
| | : | |
| **ROBERT HENON,** *et al,* | : | |
| *Defendants,* | : | |

## PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES

*Interrogatory No. 1*

1.      All information used in answering these interrogatories was initially provided by

plaintiff. Counsel for plaintiff added information, some of which is derived from information provided by

plaintiff and from his counsel, Craig Sopin, Esquire.

*Interrogatory No. 2*

2.      My name is Robert Holton, I have resided at 5029 Worth Street, Philadelphia, PA 19124

for more than 10 years.

4085 Richmond Street, Philadelphia, Pennsylvania 19137; 3950 North Delaware Avenue

Philadelphia, Pennsylvania 19137 and the new address given by the City, also on North Delaware

Avenue.

*Interrogatory No. 3 (a)( b)(c)*

(a)      My place of work for the past thirty years is 4085 Richmond Street

(b)      I own and operate a used car and metal salvage business located at 4085

Richmond Street and 3950 North Delaware Avenue, Philadelphia, Pennsylvania. The business has been in

continuous operation for thirty years at that address from April 1991 to the present.

(c)        Objection. There is no claim for loss of income, wages or salary. Plaintiff's claim is for the value of real estate and personal property unlawfully taken by Defendants as set forth herein.

***Interrogatory No. 4***

4.        Plaintiff was removed by agents of the City of Philadelphia, initially in 2012 by eminent domain that deprived plaintiff of lawful ingress and egress, again in 2014 by agents of the City of Philadelphia Law Department, in 2016-17 by citations for unlawful use and occupancy, and by other acts, i.e. disconnecting the power supply, and in 2018 by removal of plaintiff's inventory and threats of prosecution that were not made in good faith but were a device to take possession based on allegations of violations ultimately withdrawn by defendant. The City began to harass my business in 2014 on the western and northern sides, and continued to do so through October 2018. The taking began in 2014 and continued by directing PECO to shut off power, bringing in inspectors and Police to issue citations for alleged violation of ordinances that never existed, if existed at one time had been corrected or were corrected within an allowable time.

The Defendants caused administrative orders to "|cease operations", putting me out of business. At the same time, I was told in preparation for a court hearing to enjoin the harassment that all of the allegations of violation of ordinances would be withdrawn if I deeded my entire property to the City. This outrageous proposal was made to my attorney, Mr. Bernard, by Mr. Jefferson, while waiting for arrival of the Judge who would hear the request for judicial intervention, on behalf of the City of Philadelphia Law Department. Apparently with the knowledge and approval of Mr. Gatti who testified at the hearing for injunctive relief, and who falsely accused me of polluting the City drinking water by discharging waste into the Frankford Creek. This accusation, which upon testing by the Pennsylvania Department of Environmental Protection, proved to be unfounded, caused rejection of my request for a preliminary injunction. Meanwhile, the City of Philadelphia, acting through Mr. Gatti and the Law Department incorrectly contended that I was violating the City Ordinance. This accusation was untrue at all times. It was untrue when Mr. Gatti testified before the Licenses and Inspections Review Board and it

was untrue when I appealed to the Court Of Common Pleas. I have and have had a Use Registration

Certificate that is issued to an owner or lessee of real property when the property's use is in compliance

with the then existing zoning. When the City enacted a new zoning ordinance and changed the

classification of my property from least restrictive to industrial my use was "grandfathered" as a prior non

conforming use. The Law Department and Mr. Gatti knew I had a prior non conforming use but

nevertheless falsely testified that my use was in violation of zoning. These administrative interferences

with my property and business are a Taking. In October 2018, all of my inventory was confiscated by Mr.

Gatti, Mr. Henon and the City Law Department and by putting me out of the beneficial use of my

property.

*Interrogatory No. 5*

5.       Plaintiff deals in automotive parts and scrap metal, similar to other businesses

commonly called "junkyards".

I used the property described in the second amended complaint for sale and purchase of

used motor vehicles, parts, engine, batteries, etc., metal salvage from April 1991 to October 2018

described as Richmond Street to the West, Delaware Avenue to the East, Frankford Creek to the North,

and Conrail, irregularly to the South from April 1991 to October 2018. After October 2018, the western

and northern boundaries were altered by illegal actions taken by the Defendants alleged in the Second

Amended Complaint.

*Interrogatory No. 6*

6.       Plaintiff's property was transferred by deed in fee simple; adjoining property was

transferred/obtained in 2012 by laws of inverse condemnation and from 1991 to 2018 and

thereafter by adverse possession.

I leased the property from the owners from April 7, 1991 to November 23, 2004. I

purchased it on November 23, 2004. At all times I was in possession openly within the boundaries stated

in my prior answer, and continued to openly occupy, hold and possess the property as described

notwithstanding the City's assertion of ownership of what has been referred to as "The Frankford Creek

Right Of Way" until October 2018.

***Interrogatory No. 7***

      7.     Previously answered.

***Interrogatory No. 8***

      8.     See Answer to No.5.

***Interrogatory No. 9***

      9.     Previously answered.

      By conveyance and adverse possession from April 7, 1991

***Interrogatory No. 10***

      10.     Objection. The City of Philadelphia voluntarily withdrew these alleged violations

in a judicial proceeding. Plaintiff contends that defendants are judicially estopped from pursuing

them.

      One Inspector found that the grass around the trailer was too high. We cut the grass and

he withdrew the alleged violation. Another inspector, Mr. Cooper found no violations.

***Interrogatory No. 11***

      11.     4085 Richmond Street, Philadelphia, Pennsylvania is the address on city records.

      Defendants acting in concert unfairly deployed resources to persuade/coerce

plaintiff. They caused notices of ordinance violations to be served and shortly thereafter offered

to withdraw all alleged violations in exchange for a deed to 4085 Richmond Street. The offer

was made by Jefferson on the courthouse steps, awaiting a hearing for injunctive relief. Henon

presented out of context remarks concerning "junkyards" at a City Council meeting, ostensibly to

create an immunity defense. Gatti falsely testified in administrative proceedings that plaintiff's

use of the property violated the zoning ordinance when he knew plaintiff had a lawful Use

Registration Certificate. A prior non conforming use permitted by the zoning ordinance then in effect, and caused plaintiff to be cited for lack of a Use Registration Certificate when he knew that plaintiff had an existing Use Registration Certificate that was "grandfathered". Gatti falsely testified in judicial proceedings under oath that plaintiff was polluting the Frankford Creek. Gatti, an important City of Philadelphia officer, employed unlicensed salvage companies and individuals to seize and confiscate plaintiff's entire inventory of scrap metal and automotive parts.  Henon issued press releases as an officer of City Council (Majority Leader) attacking plaintiff's ownership of 4085 Richmond Street.

**Interrogatory No. 12**

12.     There is no such address as 4087 Richmond Street, The City made up an address for the Frankford Creek Right Of Way that is unofficial.

Plaintiff did not seek to obtain 4087 Richmond Street as an address.

**Interrogatory No. 13**

13.     Previously answered.

**Interrogatory No. 14**

14.     See answer to interrogatory No.11.

**Interrogatory No. 15**

15.     JRN Cycles is something done by my teenage sons. I have no interest in it.

**Interrogatory No. 16**

16.     Yes. I sued in U.S. District Court for damages as a result of an assault by City of Philadelphia Police, Case No. 19-5775. Settled Prior to Trial

**Interrogatory No. 17**

17.     No.

*Interrogatory No. 18*

18.     Bobby Henon, Darrin Gatti, Edward Jefferson, Robert Holton, Sharon Barr, Inspector Cooper - City of Philadelphia, Department of Licenses and Inspections, Inspector Martin Roudenbush - City of Philadelphia, Department of Licenses and Inspections, Inspector Jesus Silvio, - City of Philadelphia, Department of Licenses and Inspections, other City of Philadelphia Inspectors who inspected the property for violations from 2014 to 2018

*Interrogatory No. 19*

19.     Louis Iatarola, Louis A. Iatarola Realty Appraisal Group. LTD,  6913 Tulip Street, Philadelphia, Pennsylania 19135, Telephone number: (215) 331-1551

Sharon Barr, "Searching For Frankford Creek Along A Winding Trail"- Hidden City Urban Landscape, February 28, 2019.

*Interrogatory No. 20*

20.     Robert has a tape recording of Henon's remarks to City Council.

I appealed the bogus violations to the City of Philadelphia Licenses and Inspections Review Board. Counsel for Defendants is presumed to have the appeal and the transcript, if not it will be supplied. I appealed the determination of the Administrative Appeal to the Court of Common Pleas. However the City Law Department withdrew all of the alleged violations except as to zoning and as to the Use Registration Certificate confirming legality of the use conforming to zoning requirements. Unfortunately my attorney for that appeal may not have been familiar with Zoning Law and Practice, or that my use was a prior nonconforming use grandfathered by the new zoning ordinance. Therefore he agreed to a disposition affirming the Licenses and Inspection Review Board as to the allegation that the property was used in a manner not authorized by the "Industrial" use classification. In fact I have had and have a Use

Registration Certificate issued pursuant to the then existing zoning ordinance, "L.R. (Least Restrictive").