IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

**DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION DIRECTED TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedures 26 and 36, Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia (collectively as "Defendants"), hereby request that Plaintiff, Robert Holton ("Plaintiff" or "Holton"), answer, in writing and under oath, the Requests for Admission set forth below, in accordance with the instructions and definitions set forth below, and return such answers within thirty (30) days of service of this request to the undersigned counsel. This Request is deemed continuing so as to require prompt supplemental responses if additional or corrective information is discovered between the time of responding to the Request for Admission and the time of trial.

**DEFINITIONS AND INSTRUCTIONS**

1. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, each Request for Admission shall be deemed continuing so as to require prompt supplemental responses if additional or corrective information is discovered between the time of responding to these Requests for Admission and the time of trial.

2. In accordance with Rule 36(a)(4) of the Federal Rules of Civil Procedure, if a matter is not admitted, the answer must specifically deny it or state in detail why Plaintiff cannot truthfully

admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that Plaintiff qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.

3. To the extent, if at all, that Plaintiff objects to any Request for Admission herein, whether in whole or in part, the answer must respond to as much of the Request of Admission concerned as to which no objection is asserted. With respect to that part of the Request for Admissions as to which an objection is asserted, pursuant to Rule 36(a)(5), state with specificity that basis of that objection.

4. Whenever necessary to bring within the scope of the Requests for Admission responses that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be construed as the use of that verb in all other tenses and the use of a word in a singular form shall be deemed to include its use in the plural form as well and vice versa.

5. If a Request for Admission calls for a response as to which you claim any privilege, set forth each and every fact on which your claim of privilege is based with sufficient specificity to permit the court to make a determination as to whether your claim of privilege is valid.

## REQUESTS FOR ADMISSION

1. Admit that the document attached hereto as Exhibit 1 is an accurate representation of the Plan of Survey dated June 24, 1977 made by Barton and Martin Engineers of "PREMISES 'A'", as referenced in Exhibit to described in Exhibit A to Deed Number 51079838, dated November 23, 3004.

2. Admit that boundaries of the "PREMISES 'A'" described in Exhibit A to Deed Number 51079838, dated November 23, 3004 and attached to the Second Amended Complaint as

Exhibit B, does not extend from Richmond Street to the west, Delaware Avenue to the east, Conrail to the south and the Frankford Creek to the north.

3. Admit that boundaries of the properties described in Exhibit A to Deed Number 51079838, dated November 23, 3004 and attached to the Second Amended Complaint as Exhibit B, do not encompass any portion of the Frankford Creek Right of Way as identified in City Council Ordinance dated December 19, 1951 (the "Frankford Creek Plan").

4. Admit that Plaintiff did not possess a legal ownership interest in the property from which he was removed on October 13, 2018, pursuant to Deed Number 51079838, dated November 23, 3004 and attached to the Second Amended Complaint as Exhibit B.

5. Admit that as of October 13, 2018, Plaintiff had not commenced any action in the Court of Common Pleas of Pennsylvania to quiet title in or otherwise legally establish title as to any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan.

6. Admit that as of October 13, 2018, no court of law had made a legal finding that Plaintiff obtained ownership over any portion of the Frankford Creek Right of Way as identified in the Frankford Creek Plan via adverse possession or like means.

7. Admit that as of October 13, 2018, Plaintiff had not commenced any action in the Court of Common Pleas of Pennsylvania to quiet title in or otherwise legally establish title as to any portion of the property from which Plaintiff was removed on October 13, 2018.

8. Admit that as of October 13, 2018, no court of law had made a legal finding that Plaintiff had obtained ownership over any portion of the property from which Plaintiff was removed on October 13, 2018.

9. Admit that Plaintiff never appealed the Court of Common Pleas of Philadelphia order dated August 20, 2018 in Case Number 170902758 and affirming the Board of Licenses & Inspections denial of Appeal No. 30394.

Date:  March 29, 2021                                  Respectfully submitted,

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne
Deputy City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447
meghan.claiborne@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I certify that on March 29, 2021, the foregoing Defendant, City of Philadelphia's, First Set of Reqeusts for Admissions to Plaintiff was served via electronic mail on counsel for Plaitniff

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne

DATED: March 29, 2021

5

# EXHIBIT 1



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLTON | : | NO.: 2:18-CV-02228-CFK |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BOBBY HENON, ET AL | : | |
|     Defendant | : | |

**PLAINTIFF'S ANSWERS TO DEFENDANTS' REQUEST FOR ADMISSIONS**

Plaintiff, Robert Holton, by and through his counsel, Stephen A. Durham, Esquire, answers the following Request for Admissions and avers as follows:

1. Although the Rules require that the document being questioned be attached to the request and although there was no document attached to the reque, the documents being questioned appear to be the same.

2. Admitted. In part and by way of further answer, see answer 1, above.

3. Plaintiff objects to Request for Admission No. 3. Defendants fail to provide Plaintiff or counsel with the boundaries of the Frankford Creek Right of Way as described in the City Council Ordinance dated December 19, 1951. In any case, those boundaries cease to exist., as the plaintiff has continued for over 21 years to use the property, openly and notoriously.

4. Denied. Plaintiff owned and possessed an interest in the property from which he was removed on October 13, 2018 consistent with Exhibit B attached to the Second Amended Complaint. Plaintiff, as well as his grantor and predecessor in interest, separately and successively maintained open, notorious and hostile possession of property contiguous with Richmond Street and overlapping the Frankford Creek Right of Way for a period in excess of twenty-one (21) years, including, without limitation, erecting a barrier along Richmond Street for protection against trespassers. Prior to events described in the Second Amended Complaint and

prior pleadings, Defendants implicitly condoned such adverse possession and occupancy.

5.  Admitted., It is expressly denied that the plaintiff was required to commence any action in state court

6.  Admitted that Plaintiff and his predecessor in interest did not initiate former legal proceedings concerning prescriptive ownership rights.

7.  Denied.  Plaintiff sought relief in the Court of Common Pleas for compensation in eminent domain proceedings brought by the City of Philadelphia in 2012 that would legally establish his title to a portion of the property from which he was removed on October 13, 2018.

8.  Admitted. By way of further answer, see answer #6 above.

9   . Admitted in part, denied in part. It is admitted that plaintiff has not per se, filed an appeal,  Denied that no appeal has been taken as the eminent domain issues  remain unresolved from the 2012 taking by the defendant of the portion along Delaware. Avenue.

        Respectfully submitted:

        DURHAM & JAMES, P.C.

        *Stephen A. Durham*
        STEPHEN A. DURHAM, ESQUIRE
        Attorney for Robert Holton, Plaintiff
        320 West Front Street
        Media, Pennsylvania 19063
        Telephone No. 610-565-4750
        Fax No. 610-565-4820
        I.D. No. 30086
        sdurham@dandjlaw.com