UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON** | : | **CIVIL ACTION** |
|       **Plaintiff** | : | |
| vs. | : | |
| | : | |
| | : | NO.  18-2228 |
| **BOBBY HENON, et al.** | : | |
|       **Defendants** | : | |

## PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR FOR OTHER RELIEF PURSUANT TO FED.R.CIV.P. 56(d)

Plaintiff, Robert Holton moves for an order pursuant to Fed.R.Civ.P. 56(d) and states:

1.	Defendant Robert ("Bobby") Henon is presently on trial in this Court before the Honorable Jeffrey Schmehl, United States District Judge, in a criminal case involving multiple defendants, entitled United States of America vs John Dougherty, et al. Case No. 2:19-cr-00064-JLS. In that matter, the indictment charges, among other things, that Henon misused his authority as a member of Philadelphia City Council and Chair of the Committee on Public Property and Public Works to cause the Philadelphia Department of Licenses and Inspections to issue violations of ordinances and to issue "Cease Operations" Orders as a co-conspirator with defendant Dougherty and others to further illegal objectives. In a Memorandum decision dated July 1, 2020 the District Court denied defense motions to dismiss the indictment. The opinion states, in pertinent part:

HENON'S OFFICE ALSO IMBUED HIM WITH THE ACTUAL AND PERCEIVED AUTHORITY OVER CERTAIN OTHER PUBLIC OFFICIALS, INCLUDING EMPLOYEES

OF THE PHILADELPHIA DEPARTMENT OF LICENSES AND INSPECTIONS (L&I). L&I ADMINISTERS AND ENFORCES PHILADELPHIA'S CODE REQUIREMENTS, INCLUDING BUILDING, ELECTRICAL, FIRE, HEALTH, HOUSING, BUSINESS, AND ZONING REGULATIONS. INSPECTORS EMPLOYED BY L&I WERE EMPOWERED TO ISSUE CEASE AND DESIST ORDERS FOR VIOLATIONS OF CITY CODES.

THE GOVERNMENT ALLEGES THAT THE OFFICIAL ACT THAT DEFENDANT HENON TOOK, ATTEMPTED TO TAKE, OR CAUSED AS PART OF THE RELATIONSHIP INCLUDED THE FOLLOWING: DEFENDANT HENON TOOK, ATTEMPTED TO TAKE, OR CAUSED L&I TO INSPECT AND IN SOME INSTANCES SHUT DOWN OPERATIONS.

At the outset of the Court's memorandum, it is stated that:

IN NOVEMBER 2011, DEFENDANT ROBERT HENON WAS ELECTED TO SERVE AS A PHILADELPHIA CITY COUNCIL MEMBER. HE WAS SWORN IN ON JANUARY 3, 2012. WHEN HE TOOK OFFICE, HENON BECAME THE CHAIR OF THE COMMITTEE ON PUBLIC PROPERTY AND PUBLIC WORKS, WHICH IS RESPONSIBLE FOR ALL MATTERS RELATING TO CITY PROPERTY AND BUILDINGS.

2. Plaintiff's property at 4085 Richmond Street was taken by eminent domain on February 24, 2012, but only as to 5,733 square feet parallel to Delaware Avenue. This taking deprived plaintiff of lawful ingress and egress from east of the property while the west boundary along

Richmond Street is claimed as part of the City owned Frankford Creek tract or right of way. In defendants' motion to dismiss the Second Amended Complaint, two reasons were argued: "Ripeness" in that the action was not tenable because the statute of limitations for inverse condemnation had expired, and the Rooker-Feldman doctrine.

Plaintiff should be entitled to discovery from defendant Henon. However, the Grand Jury's 116 count indictment was issued on January 29, 2019, prior to the commencement of this action. Defendants' previous motions to strike or dismiss pursuant to Rule 12(f) and 12(b)(5) were denied following briefing. Defendants' Rule 12 (b)(1) motion to dismiss was sustained and reversed by the Court of Appeals. It is submitted that defendants' motion for summary judgment is unfounded in light of critical factual issues, not only concerning title by adverse possession, but also manipulation of officials of the Department of Licenses and Inspections to falsify ordinance violations and issue cease operations orders predicated thereon. In that regard, a crucial factual issue to be briefed and argued in opposition to defendants' pending motion is the disposition of the state court proceedings, at which all alleged L&I violations were withdrawn by the City Law Department, leaving only the lack of a Use Registration Certificate- unnecessary because plaintiff had a prior nonconforming use and a use registration certificate issued prior to the new zoning ordinance. In addition, plaintiff will submit offers of proof that the Frankford Creek tract or right of had been abandoned for many years prior to the commencement of this action. A memorandum of law applicable to Fed.R.Civ.P. 56(d) is submitted herewith.

                                              Respectfully Submitted,

                                              Stephen A. Durham, Esq
                                              *Attorney for Plaintiff*