UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLTON | : | CIVIL ACTION |
|       Plaintiff | : | |
| vs. | : | |
| | : | NO. 18-2228 |
| BOBBY HENON, et al. | : | |
|       Defendants | : | |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR FOR OTHER RELIEF PURSUANT TO FED.R.CIV.P. 56(d)</u>**

Defendant Henon should be deposed regarding his press release dated May 22, 2018. Please see Exhibit "A" attached to plaintiff's Amended Complaint filed July 12, 2018 Docket entry No.7,[1] in which he states:

COUNCILMAN HENON SHUTS DOWN THE RICHMOND STREET JUNKYARD (PUBLISHED BY TEAM HENON ON MAY 22, 2018)

THE JUNKYARD ON RICHMOND STREET HAS BEEN SHUT DOWN. ON TUESDAY, MAY 22, 2018 COUNCILMAN BOBBY HENON AND VARIOUS CITY AND UTILITY AGENCIES SHUT DOWN AN ILLEGAL JUNKYARD AT 4087 RICHMOND STREET. IT HAS BEEN OPERATING ON CITY–OWNED PROPERTY FOR AT LEAST NINE YEARS. COUNCILMAN HENON LEARNED ABOUT THIS PROPERTY EARLY IN HIS FIRST TERM. HE HAS SOUGHT TO HAVE THE JUNKYARD CLOSED

---

[1] Defendants Henon, Gatti and Jefferson moved to strike parts or dismiss the Amended Complaint, which was denied by Order entered on November 29, 2018.

EVER SINCE."   The press release continues:

"TUESDAY'S ACTION WAS THE CULMINATION OF A LONG LEGAL PROCESS. THIS PROCESS INVOLVED THE CITY'S EQUITY COURT AND THE DEPARTMENT OF LICENSES AND INSPECTIONS REVIEW BOARD. COUNCILMAN HENON ARRIVED ON TUESDAY MORNING TO SHUT DOWN THE PROPERTY.  WITH HIM WERE CAPTAIN STEVE CLARK  (24TH POLICE DISTRICT), THE PHILADELPHIA POLICE DEPARTMENT'S NEIGHBORHOOD SERVICES UNIT, THE DEPARTMENT OF LICENSES AND INSPECTIONS' EMERGENCY SERVICES UNIT, PECO, THE STREETS DEPARTMENT AND THE WATER DEPARTMENT. THE TEAM'S ARRIVAL INITIATED THE CLEANUP OF THE PROPERTY. AFTER THE CLEANUP IS COMPLETE, PENNDOT WILL BARRICADE THE PROPERTY. THE JUNKYARD OPERATOR WILL NOT BE ABLE TO RETURN.  THE FAKE "LANDLORD WILL PAY FOR THE CLEANUP."

Plaintiff should be entitled to inquire the source of information for the press release. What he describes happened on October 13, 2018, approximately six months later. There is a photograph purporting to show three people, one of whom presumably is the Councilman. According to Docket Entries in Case No. 170902758 (September Term 2017 No.2758), the appeal from the decision of the Licenses and Inspections Review Board was listed on May 30, 2018 for oral argument on July 12, 2018, continued to August 20, 2018. The order of final disposition reads as follows: "THE COURT FURTHER STATES THAT IT MAY AFFIRM THE DECISION OF THE ZONING BOARD OF ADJUSTMENT (SIC) ON ANY BASIS AND THAT THE COURT EXPRESSLY AFFIRMED THE BOARD'S DECISION ON THE FAILURE TO HAVE A USE REGISTRATION PERMIT." Plaintiff seeks to examine Mr.

Henon regarding the (then) new zoning ordinance adopted by City Council, and in particular his understanding of the effect of a prior nonconforming use. Plaintiff's property was zoned "LR" (Least Restricted) prior to adoption of the new ordinance. As such his use of the property is "grandfathered". See Richland Township v Prodex, Inc. 160 Pa.Comm 184, 634 A2d 756 (Pa.Comm.1993) quoting Pennsylvania Northwestern Distributors, Inc. v Zoning Hearing Board of the Township of Moon 526 Pa.186, 192, 584 A2d 1372,1375 (Pa.1991):

> "THE ESSENCE OF A NON CONFORMING USE IS THAT IT IS AN ACTIVITY OR STRUCTURE PREDATING THE RELEVANT ZONING ORDINANCE. PROPERTY OWNERS HAVE A CONSTITUTIONAL RIGHT TO CONTINUE A NON CONFORMING USE. THUS, BY THE VERY NATURE OF A NON CONFORMING USE, A GOVERNING BODY AND LOCAL CITIZENS CANNOT BAR THROUGH LEGISLATION THE CONTINUANCE OF A NON CONFORMING USE, WITH ALL ITS UNDESIRABLE INTERFERENCES. IN THIS CASE, THE NON-CONFORMING USE PREVENTS RICHLAND FROM ENFORCING THE ORDINANCE PROVISIONS PERTAINING TO THE ACTIVITIES AT ISSUE. 'A LAWFUL NON-CONFORMING USE ESTABLISHES IN THE PROPERTY OWNER A VESTED PROPERTY RIGHT WHICH CANNOT BE ABROGATED OR DESTROYED UNLESS IT IS A NUISANCE, IT IS ABANDONED, OR IS EXTINGUISHED BY EMINENT DOMAIN'. (CITING MOON)

Plaintiff held a Use Registration permit issued in 2013 pursuant to the existing zoning ordinance. Plaintiff therefore wishes to inquire of Mr. Henon who took office in January 2012 his understanding that a Cease Operations Order based upon lack of a Use Registration Certificate was inconsistent with applicable legal advice and from whom his advice was

obtained.

Mr. Gatti also testified on deposition that he was unaware that Mr. Henon, a former majority leader and Chair of the City Council Committee on Public Property and Public Works had been indicted. The indictment was issued by the Grand Jury in January 2018. There are more than 100 separate counts involving official misfeasance that implicate the Department of Licenses and Inspections, and the Streets Department. (e.g. allegations regarding Comcast Corporation). It is not credible that the President of the Board of Surveyors of the Streets Department would be unaware, especially in light of newspaper and television reporting. Mr. Gatti testified in opposition to plaintiff's motion for a preliminary injunction to maintain status quo pending plaintiff's appeal to the Licenses and Inspections Review Board, essentially for a TRO (Pennsylvania Rules of Civil Procedure do not provide for a temporary restraining order - only for a preliminary injunction.)  Mr. Gatti's deposition testimony denied or overlooked his testimony in court that plaintiff's operations caused discharge of waste into the Frankford Creek and from there to drinking water. It is not testimony to be forgotten.

I hereby certify under penalty of perjury that, statements contained in the foregoing application to depose Robert Henon are true and correct /s/ Robert Holton.

    Respectfully Submitted,

    STEPHEN A. DURHAM, ESQ.
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing *Plaintiff's Motion To Defer Consideration Of Defendants' Motion For Summary Judgment Or For Other Relief Pursuant To Fed.R.Civ.P.56(d) and Memorandum Of Law In Support Of Motion To Defer Consideration Of Defendants' Motion For Summary Judgment Or For Other Relief Pursuant To Fed.R.Civ.P.56(d)* was served electronically on the date of filing of this document.  If the ECF system indicates that counsel is being served electronically, such service will be deemed to comply with the ECF system.  If the ECF system indicates that counsel is not an ECF user, a true and correct copy of this filing will be delivered by U.S.P.S., first class mail, postage prepaid on the date Notice of Filing and Acceptance is generated by the ECF system upon the below listed:

**MEGHAN E. CLAIBORNE, ESQUIRE**
Deputy City Solicitor
City of Philadelphia Law Dept
1515 Arch Street 14th Floor
Philadelphia, PA. 19102

    */s/Stephen A. Durham, Esq.*
    STEPHEN A. DURHAM, ESQ.
    *Attorney for Plaintiff*