# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d), and any response thereto, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR FOR OTHER RELIEF PURSUANT TO FED.R.CIV.P.56(D)

Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia ("Defendants"), hereby file this response in opposition to Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) (the "Motion to Defer"). Simply put, Plaintiff's Motion to Defer is entirely without merit and represents yet another attempt by Plaintiff to drag out this litigation by avoiding at all costs the actual (and factually simple) underlying real property dispute as alleged in Plaintiff' Second Amended Complaint [Dkt. 21].

Plaintiff alleges that disposition of Defendants' Motion for Summary Judgment (the "Motion") should be deferred because further discovery is necessary into the eminent domain of a portion of a property formerly identified as 4085 Richmond Street on February 24, 2012. Specifically, Plaintiff's indicate a need to depose Defendant Councilman Henon at the close of his ongoing criminal proceedings. This argument is unpersuasive for two reasons.

First, Plaintiff failed to investigate this theory during fact discovery and there is nothing to warrant a deferment of the disposition of the Motion at this late hour in the absence of any good faith attempt to timely discovery the purportedly necessary information. *Juday v. Sadaka*,

No. CV 19-1643, 2020 WL 6343214, at *4 (E.D. Pa. Oct. 29, 2020) ("The party that claims further discovery is needed must include in its affidavit 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'") (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988)).

This litigation commenced on May 25, 2018 [Dkt. 1]. Plaintiff has long been aware of the press releases published by Councilman Henon and the allegations of misconduct against Councilman Henon cited in the Motion and memorandum supporting the Motion to Defer ("Memorandum to Defer"). Plaintiff cited to the press releases underlying his arguments here in the Amended Complaint [Dkt. 7], filed July 12, 2018, and attached an article dated July 3, 2017 outlining the misconduct allegations against Councilman to the Second Amended Complaint which was filed January 22, 2019. Sec. Am. Cmplt. [Dkt. 21], at Exhibit A.

Fact discovery did not close until May 19, 2021 [Dkt. 54]. Despite this, Plaintiff failed to engage in any written discovery, including propounding interrogatories or requests for production on Councilman Henon. Nor did Plaintiff make any timely attempts to seek discovery of any documentations concerning a purported connection between Councilman Henon and the Department of Licenses & Inspections ("L&I"), including subpoenaing documents or noticing depositions of non-party witnesses. Simply put, Plaintiff has failed to conduct discovery into any connection between the facts underlying the criminal trial and the allegations at hand until five (5) months after the close of fact discovery. Nor did Plaintiff attempt to timely move the Court for an extension of discovery or a stay of the discovery deadline based upon Councilman Henon's pending criminal trial pursuant to Federal Rule of Civil Procedure Rule 29 and this Court's Policies and Procedures II(B) during the discovery period.

As such, Plaintiff is unable to meet the necessary elements of a Rule 59(d) motion by failing to put forth any explanation in the affidavit as to why this information was not previously sought through basic discovery during the pendency of the litigation. *Dowling*, 855 F.2d at 139-40; *Juday*, 2020 WL 6343214, at *4. Further, as a result of Plaintiff's complete failure to investigate any possible connection between Councilman Henon's purported misconduct and the claims at hand during the discovery period, Plaintiff is unable even now to put forth a single scintilla of actual evidence supporting the purported link between Councilman Henon's alleged criminal misconduct and the L&I proceedings at hand and is resigned to relying upon mere speculation and hope that some link might be teased out if allowed additional time for discovery.

Second, even if Plaintiff could show a reasonable basis for failing to timely obtain this discovery, Plaintiff's Motion to Defer still fails because the supplemental discovery identified by Plaintiff is <u>wholly irrelevant</u> to the underlying claim at issue and would not preclude disposition of the Motion in favor of Defendants. *Dowling*, 855 F.2d at 139-40 (requiring Plaintiff put forth particular information that, if uncovered, would preclude summary judgment); *Juday*, 2020 WL 6343214, at *4 (same). Plaintiff has asserted two (2) claims: (Count I) civil conspiracy against the individual defendants and (Count II) fifth amendment taking against the City. The taking at issue occurred on October 13, 2018. Sec. Am. Cmplt. at ¶26. Plaintiff has not even attempted to address how the sought after discovery would be sufficient to overcome the arguments outlined in the Motion including Plaintiff's inability to point to evidence in the record (1) supporting that City took any portion of real property on October 13, 2018 to which Plaintiff had legal title at the time; (2) evidencing the existence of a conspiracy between the individual defendants to deprive Plaintiff of his property; or (3) establishing the existence of a municipal policy, practice or custom of taking by the City that was the moving force of Plaintiff's purported violation.

Further, any discovery as to purported misconduct with respect to the taking via eminent domain on February 24, 2012 of one piece of real property as identified in the Motion to Defer is irrelevant to the adjudication here of Plaintiff's fifth amendment taking claim of a different piece of real property purportedly taken six (6) years later. Moreover, any claim stemming from a distinct 2012 taking would be barred by the two-year statute of limitations on such a claim,[1] if it were not already precluded from adjudication by this Court due its being the subject of ongoing state court litigation. Motion for Sanctions [Dkt. 60], Exhibit B at Response to Interrogatory No. 4. Finally, as addressed more fully in Defendants' Motion for Sanctions and Motion, any argument as to a purported claim based in a theory of adverse of possession was not pled in the Second Amended Complaint and, even if it had been, would still fail as a matter of law. Thus, even if Plaintiff could establish via an offer proof that the property at issue had been abandoned, such evidence – which does not appear to even be of record and thus should not be considered in adjudicating the Motion[2] – would be unavailing.

As such, Plaintiff has failed to show that it cannot present facts essential to justify its opposition as required under Rule 59(d).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) should be denied.

---

[1] *R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 165 F. App'x 175, 179 (3d Cir. 2006).
[2] Fed. R. Civ. P. 56(c)(1)(A).

Dated:  October 19, 2021	Respectfully submitted,

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne
Deputy City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendants' Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) was filed via the Court's electronic filing system and is available for downloading.

Date: October 19, 2021                                   Respectfully submitted,


                                                                        */s/ Meghan E. Claiborne*
                                                                        Meghan E. Claiborne