## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ROBERT HOLTON** | : | CIVIL ACTION |
| **Plaintiff** | : |  |
| vs. | : |  |
|  | : |  |
|  | : | NO.  18-2228 |
| **BOBBY HENON, et al.** | : |  |
| **Defendants** | : |  |

### PLAINTIFF'S RENEWED MOTION TO DEFER RULING
### UPON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### AND FOR DISQUALIFICATION OF COUNSEL FOR DEFENDANTS

Plaintiff, Robert Holton, renews his motion to defer ruling upon defendants' motion for summary judgment based, in part, upon the conviction of defendant Bobby Henon for Honest Services Fraud and related offenses. Plaintiff has marshaled evidence that defendant Henon, issued a press release that reports proceedings in the Court of Common Pleas in which the Department of Licenses and Inspections and other City agencies proceeded against plaintiff six months before those proceedings actually occurred. "Nostradamus" turned out to be accurate, an achievement that would be impossible without cooperation by the Department of Licenses and Inspections, the Office of the City Solicitor and probably Mr.Gatti of the Streets Department. Mr. Gatti and Mr. Henon evicted plaintiff on October 13, 2018, as a result of the "Equity Court" case that hadn't yet taken place when Mr. Henon issued a press release. Mr. Gatti testified on deposition that he was unaware that defendant Henon had been indicted and was about to stand trial. Mr. Jefferson testified on his deposition that he was completely unaware of this lawsuit in which he is a named defendant that has been pending for almost three years. Mr. Jefferson denied offering to cause the Law Department to dismiss all proceedings against Mr. Holton in

exchange for a deed to "The Property" ("Give us the property and the violations will go away.") It is a distortion to represent to this Court that plaintiff has not engaged in discovery. The City Law Department is orchestrating this fantasy. Plaintiff served Requests For Admissions, with interrogatories to be answered if part or all of the Request is denied. Plaintiff assembled more than one hundred relevant documents.  Counsel for defendants did not attempt to depose plaintiff. The evidence in the criminal trial of Mr. Henon established to the satisfaction of the jury that Henon used his office as a City Councilman, especially as Chair of the Committee on Public Property and Public Works to employ City resources, the Department of Licenses and Inspections, to carry out private interests. Therefore plaintiff moves to disqualify the Office of the City Solicitor as defense counsel. The City Solicitor has an unwaivable conflict of interest. Representation of Mr. Henon who appears to have a personal interest in Holton's property implicates Mr. Gatti and Mr. Jefferson in what is an apparent civil conspiracy. In their deposition testimony Mr. Jefferson did not know he is a named defendant, and Mr. Gatti was unaware of Henon's indictment for public corruption offenses. In this regard, the City Solicitor has too many clients. See *Office of Disciplinary Counsel v Baldwin* 225 A.3d 817(Pa.2020), where Ms. Baldwin, once an Associate Justice of the Supreme Court and a longtime Court of Common Pleas Judge received a Public Reprimand for representing Pennsylvania State University, its President, Vice President and Athletic Director, simultaneously, for their respective roles in a cover-up.

                                               Respectfully Submitted,

                                               */s/Stephen A. Durham*____
                                                STEPHEN A. DURHAM, ESQ.
                                              *Attorney for Plaintiff*