IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| **Defendants.** | : | |
| | : | |

# [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Plaintiff's Renewed Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d), and any response thereto, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2228 |
| | : | |
| BOBBY HENON, et al. | : | |
| Defendants. | : | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR FOR OTHER RELIEF PURSUANT TO FED.R.CIV.P.56(D)

Defendants, Bobby Henon, Darin L. Gatti, Edward Jefferson and the City of Philadelphia ("Defendants"), hereby file this response in opposition to Plaintiff's Renewed Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) (the "Renewed Motion to Defer") [Dkt. 84]. Defendants' incorporate and re-assert as if herein their first Opposition to Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) ("Motion for Summary Judgment") [Dkt. 77]. Plaintiff's Renewed Motion to Defer suffers from the same fatal flaws as Plaintiff's prior motion to defer.

Plaintiff's Renewed Motion fails to include any additional facts – including citations to the record – or arguments that would support deferred judgment of the Motion for Summary Judgment. Specifically, Plaintiff still fails to link Councilman Henon's conviction to any of the events of this case apart from referencing vague connections between the conviction and the Department of Licenses & Inspections ("L&I") as a whole, without reference to specific individuals within L&I, specific actions taken by L&I/Councilman Henon, a connection between the actions underlying the conviction and Plaintiff's purported property, or even a timeframe for

the actions underlying the conviction. Moreover, the only evidence for such connection is reference to an inadmissible news article – Plaintiff has failed to put forth any admissible evidence, including transcripts or documents, of even a theoretical link between Councilman Henon's conviction and the events here.

The "facts" cited by Plaintiff, unsupported by any record citation, including testimony by Mr. Gatti and Mr. Jefferson, are wholly irrelevant to Plaintiff's claims, fail to create a material issue of fact and wholly fail to save Plaintiff's claims from the fatal flaws outlined in Defendants' Motion for Summary Judgment. For instance, Plaintiff references a request by Mr. Jefferson that Plaintiff "deed" his property to Plaintiffs (Renewed Motion to Defer Judgment, at pp.1-2). However, as a matter of law, Plaintiff did not have legal title to any portion of the Frankford Creek Right of Way from which he was removed – and thus could not have "deeded" said property, and Plaintiff testified before this Court after the close of discovery that he did not know if the City even removed him from any portion of Property that he owned pursuant to the Holton Deed. Defendants' SUMF [Dkt. 74-1], at ¶¶34-35. Notably, to-date, Plaintiff has not disputed any of the facts identified in Defendants' Statement of Material Facts [Dkt. 74-1]. Because there is no issue of material fact, and because Defendants have already established in the Motion for Summary Judgment and reply in support of motion that they are entitled to judgment as a matter of law based upon the undisputed facts, summary judgment is entirely appropriate.

Finally, Plaintiff's request to disqualify counsel on the basis that Councilperson Henon "appears to have a personal interest in Holton's property" is unsupported by any additional facts or citations to record evidence. Moreover, Plaintiff's reliance upon *Office of Disciplinary Counsel v. Baldwin*, 225 A.3d 817(Pa. 2020) is inapposite, as the matter at hand is a civil case,

not a criminal case, and representation of these individuals against Plaintiff's meritless and unsupported claims creates no conflict of interest – let alone a material conflict in which one client is materially limited by an adverse interest of another client that would limit counsel's responsibilities to any client, or create a significant risk thereof. *Id.* at 840 (citing Pa.R.P.C. 1.7).[1]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) should be denied.

Dated:  November 29, 2021    Respectfully submitted,

/s/ *Meghan E. Claiborne*
Meghan E. Claiborne
Deputy City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
meghan.claiborne@phila.gov

---

[1] Moreover, Plaintiff has not put forth any authority supporting his standing to raise such a conflict.

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HOLTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-2228** |
| | : | |
| **BOBBY HENON, et al.** | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Opposition to Plaintiff's Renewed Motion to Defer Consideration of Defendants' Motion for Summary Judgment or for Other Relief Pursuant to Fed.R.Civ.P.56(d) was filed via the Court's electronic filing system and is available for downloading.

Date: November 29, 2021            Respectfully submitted,

                                             */s/ Meghan E. Claiborne*
                                             Meghan E. Claiborne