UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLTON | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 18-2228 |
| | : | |
| BOBBY HENON, et al. | : | |
| Defendants | : | |

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defense counsel's vigorous attack on the merits leads the court into procedural error again. The Seventh Amendment protects the right to jury trial. The Fifth Amendment protects property owners from a Taking without payment of just compensation. There is no longer an issue of subject matter jurisdiction in that Rooker-Feldman is not applicable, and other issue preclusion defenses do not concern subject matter jurisdiction. The action taken by the Philadelphia Department of Licenses and Inspections Review Board addressed a zoning violation and regulatory ordinance violations which come under the umbrella of exercise of police power. Plaintiff appealed the administrative decision to the Court of Common Pleas exercising judicial review of an administrative determination. The result in state court in no way precludes compensation for a Taking, simply because plaintiff's use of his property is contrary to law, if that were the case, which it is not. If that were the case, forfeiture of property is not

warranted as a remedy. The United States Supreme Court has decided that issue in narcotics cases where private property is involved in distribution of illegal drugs. Moreover, on the record the City Solicitor did a plea bargain: in exchange for a stipulated finding that plaintiff lacked a Use Registration Permit, the City Solicitor withdrew all other ordinance violations thereby falling into the same trap it set for plaintiff. In Pennsylvania a prior non conforming use is constitutionally protected. Plaintiff and his predecessor operated an auto parts and metal salvage business for more than thirty years under "LR" zoning classification (Least Restrictive) Adoption of a new zoning ordinance did not obviate plaintiff's grandfathered use. Mr. Gatti's testimony before the L&I Review Board to the contrary. Any exercise of the City of Philadelphia's police power to interfere with plaintiff's ownership and use of his private property is proscribed by Knick v Township of Scott, Pennsylvania, 139 S.Ct. 2102, 204 L.Ed.2d 558(2019) decided by the United States Supreme Court reversing the United States Court of Appeals for the Third Circuit. In that controversy, Mrs. Knick, who owned approximately 80 acres in an upstate rural community, violated a local regulatory ordinance that required a burial ground on her property to be open to the public daily during daylight hours. Facing violation, she filed suit in the United States District Court for the Middle District of Pennsylvania. The District Court upheld the ordinance. She appealed to the Third Circuit Court of Appeals. It affirmed. She petitioned the United States Supreme Court for certiorari which was granted. The order appealed from was reversed based on jurisdiction and the merits. The opinion by the Chief Justice reasoned that there was a taking at the

moment the property owner was deprived of the free use of her property. But more importantly for the present case, the majority opinion holds that the issue is a federal question to be decided by a federal court exercising Article Three jurisdiction. The Court overruled its own precedent in Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126(1985). The Court reasoned that if a state court was to exercise jurisdiction over the property owner, an adverse decision would be controlling under the Full Faith and Credit provision of the United States Constitution requiring a federal district court to give full faith and credit to a determination by the state judiciary, which is contrary to the Fifth and Fourteenth Amendments. The Court's rationale for overruling Williamson was its own prior San Remo Hotel Corp. v. Citiy and County of San Francisco, 545 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d 315(2005) decision characterized as the "San Remo Hotel Trap". Federal court jurisprudence does not permit this court to defer to any action by the Court of Common Pleas to defeat its exercise of jurisdiction over the subject matter of this action. For example, Knick overrules Deninno v Municipality of Penn Hills, 269 Fed.Appx 153 (3rd Cir.2008), affirming the United States District Court For the Western District of Pennsylvania, 2007 U.S.Dist. LEXIS 6995, 2007 WL 316392, where the Court of Appeals held that there is no Fifth Amendment Takings claim when the plaintiff has not exhausted all state court procedures: " A plaintiff aggrieved by the enforcement of a municipal zoning ordinance must exhaust all pertinent state procedures before bringing a Fifth Amendment takings claim," citing and relying upon Williamson County Regional Planning Com v Hamilton Bank, 473 U.S. 172, 188, 194-95, 105 S.Ct.3108, 87 L.Ed 2nd 126 (1985), which is expressly overruled by Knick, holding that an aggrieved party is entitled to sue in the United States

District Court in the first instance, without pursuing state court remedies, in order to avoid the San Remo Hotel trap. That is precisely the case at bar. The District Court's prior reliance upon Rooker-Feldman and the defendants" contentions in the case at bar that the ruling in the Court of Common Pleas after expiration of the time for appeal is dispositive runs counter to Knick, and in any case ignores what was decided in the Court of Common Pleas. The Court affirmed the decision of the Licenses and Inspections Review Board regarding a zoning violation and a Cease Operations Order. In Bush v City of Philadelphia, the order on appeal rejected Bush's claim of a possessory interest. Bush's use of the property was not before the court, as it was in Holton's appeal. Holton told the L&I Review Board that he was in compliance with zoning restrictions, The Board disagreed and the Court affirmed because Holton's counsel conceded that Holton lacked a Use Registration Certificate under the (then) new zoning ordinance. Unlike Bush, Holton's standing to appeal the administrative decision was never challenged or litigated. Conversely, Bush contended in state court that he owned the property. As the putative owner, all of his federal claims were justiciable in state court.

On the merits, the Seventh Amendment guarantees plaintiff the right to jury trial consistent with the well known rules of law interpreting Fed.R.Civ.P. 56. Defendants contend that the admissible factual evidence plaintiff adduced in discovery fails to meet that burden, and that if plaintiff rested on the same evidence, inferences and arguments therefrom, defendants would be entitled to judgment as a matter of law under Fed.R.Civ.P. 50 at the close of the plaintiff's case. Specifically, defendants reject plaintiff's claim of adverse possession.

The first and the principal flaw in this reasoning is that an admitted taking in eminent domain proceeding that was filed in February 2012 upon defendant Henon's arrival at City Council chairing the Committee on public property, 5733 square feet paralleling Delaware Avenue was Taken, thereby land locking plaintiff from ingress and egress at Delaware Avenue and drawing into question plaintiff's ingress and egress from Richmond Street. The primary access to plaintiff's and his predecessor's property is Richmond Street, a principal thoroughfare in the Port Richmond section of Philadelphia. A chain linked fence was maintained by the plaintiff and before him by Buoncristiano. Parking is available on Richmond Street nearby. The principal entrance to plaintiff's business is on Richmond Street. That entrance had been used for more than twenty one years by Buonocristiano and plaintiff. Under controlling state law tacking of possessory interests is sufficient when there is tacit agreement by adjoining landowners. Notably the City of Philadelphia took no action since 1951 to improve or maintain the Frankford Creek Right Of Way, or to curtail plaintiff or Buonocristiano's use of the Richmond Street entrance until October 12, 2018. Taking of ingress and egress is compensable as a Taking of the entire parcel under applicable law, characterized as "inverse condemnation".{add cites}.

The District Court overruled the individual defendants' Rule 12(b)(5) and 12(f) motions. Plaintiff added the City of Philadelphia as a defendant in case defendant Henon was convicted in the then pending indictment for municipal corruption,

thereby exculpating the City from indemnification. (See Ferber v City of Philadelphia 661 A.2d 470) (Pa.Commw.1995). In another Philadelphia Common Pleas Court decision, MCS Partners v Lamson, 2012 Phila.Com Pl. LEXIS 38(2012), the trial judge, Paul Panepinto's opinion recognizes a taking where successive owners are deprived of ingress and egress for a period in excess of 21 years by tacking.

Defendants assert that plaintiff still cannot depose defendant Henon because he wasn't served with written interrogatories required before deposing "a high public official". That is no longer an issue. It would be an error to refuse to order Mr. Henon to appear for a deposition simply because he wasn't previously served with written interrogatories. No matter how skilled, a lawyer cannot cross examine a party with written interrogatories. "A plaintiff aggrieved by the enforcement of a municipal zoning ordinance must exhaust all pertinent state procedures before bringing a Fifth Amendment takings claim," citing and relying upon Williamson County Regional Planning Com v Hamilton Bank, 473 U.S. 172, 188, 194-95, 105 S.Ct.3108, 87 L.Ed 2nd 126 (1985), which is expressly overused by Knick, holding that an aggrieved party is entitled to sue in the United States District Court in the first instance, without pursuing state court remedies, in order to avoid the San Remo Hotel trap. That is precisely the case at bar. The District Court's prior reliance upon Rooker-Feldman and the defendants" contentions in the case at bar that the ruling in the Court of Common Pleas after expiration of the time for appeal is dispositive falls under the weight of the United States Supreme Court's decision and opinion in Knick.

Respectfully submitted:

/s/Stephen A. Durham
STEPHEN A. DURHAM, ESQ.
*Attorney for Plaintiff*
*I.D. No. 30086*
*320 West Front Street*
*Media, PA 19063*
*610-565-4750*
*Fax: 610-565-4820*
*Email:*
*sdurham@dandjlaw.com*